Stewart, J.
 

 In the Court of Common Pleas, the instant case was considered largely upon the question of plaintiff’s alleged fraud in misrepresenting his age. The baptismal certificate, which he gave to the board’s clerk, showed plaintiff to have been baptized in 1890, but in July 1923 plaintiff, in his statement to the State Teachers’ Retirement System, declared that the date
 
 *556
 
 of Ms birth was May 13, 1874, and that such statement: was accurate and true to the best of his knowledge and belief. While there was some argumentative dispute as to May 13, 1874, being plaintiff’s birthday, plaintiff stating that the date might be different in a Bible which was in Switzerland, it appears as a substantially undisputed fact that the statement he gave to the retirement system in 1923 is a true and accurate one. Therefore, on May 13, 1946, plaintiff was 72 years old.
 

 The conclusion to which we have come makes any question of misrepresentation of age on the part of plaintiff irrelevant. The sole controlling question involved is the construction of two statutes.
 

 Section 4842-8, General Code, provides in part:
 

 “Any teacher employed under a limited contract shall at the expiration of such limited contract be deemed re-employed under the provisions of this act at the same salary plus any increment provided by the salary schedule unless the employing board shall give such teacher written notice on or before the thirty-first day of March of its intention not to re-employ him. Such teacher shall be presumed to have accepted such employment unless he shall notify the board of education in writing to the contrary on or before the-first day of June, and a contract for the succeeding school year shall be executed accordingly.”
 

 Section 7896-34, General Code (109 Ohio Lqws, 237), provided in part:
 

 “At the end of the school year in which they become members the retirement board shall retire all teachers who were over seventy years of age at the time they became members and shall retire all other members at the end of the school year in which the age of seventy is attained, provided in each case the consent of the employer is secured. ’ ’
 

 Ordinarily, as this court said in the first paragraph of the syllabus in State,
 
 ex rel.
 
 Foster, v.
 
 Madison
 
 
 *557
 

 Township Board of Education,
 
 151 Ohio St., 413, 86 N. E. (2d), 598, “under the provisions of Section 4842-8, General Code, any teacher employed under a limited contract shall at the expiration of such limited contract be deemed re-employed unless the employing board of education shall give such teacher written notice on or before the thirty-first day of March of its intention not to re-employ him.”
 

 No notice was given plaintiff by the board pursuant to Section 4842-8, General Code, on or prior to March 31,1946, and when that day had passed plaintiff was deemed re-employed under the statute. However, it is axiomatic that in order to have a valid contract of employment or re-employment, there must be not only the proffer of employment by the employer but there must be the assent of the employee. Section 4842-8, General Code, provides that a teacher shall be presumed to have accepted re-employment becoming effective after March 31, unless he shall notify the board of education in writing to the contrary on or before the first day of June, and a contract for the succeeding school year shall be executed accordingly. Plaintiff therefore had until the end of June 1 to signify that he did not assent to re-employment and his assent became effective and conclusive only at the end of June 1. The fact that no completed contract of employment was effected until June 1 is strengthened by the provision in the statute for the execution of a written contract after such date. If nothing had intervened between March 31 and the end of June 1, plaintiff would have been entitled to a written contract with the board to teach for the school year 1946-1947, but a fatal event did intervene.
 

 In May 1946, the board formally and legally gave its consent to the State Teachers’ Retirement System to the retirement of the plaintiff on August 31, 1946, the end of the 1945-1946 school year, and as a result
 
 *558
 
 thereof the retirement system was required to retire plaintiff as of August 31, 1946, and it did so. Therefore, when plaintiff presented himself to the superintendent in September 1946, and requested a teaching position, he was rightfully refused for the reason that he had been legally retired.
 

 Section 4842-8, General Code, provides that a teacher’s limited contract will be renewed if the board of education does not notify the teacher in writing prior to March 31 of any year of its intention not to re-employ him, and if such teacher does not notify the board of education on or prior to June 1 of his intention not to accept the employment. Ordinarily, such a procedure results in the obligation upon the part of the board of education to enter into a written contract with the teacher for the ensuing school year. However, it is elementary that a valid statute regulating contracts is by its own force read into and made a part of such contracts.
 
 Palmer & Crawford
 
 v. Tingle, 55 Ohio St., 423, 45 N. E., 313.
 

 In
 
 Banks
 
 v.
 
 DeWitt,
 
 42 Ohio St., 263, the second paragraph of the syllabus reads: “A contract made in pursuance of a statute or resolution, must be construed as though such statute or resolution had been incorporated into such contract. ’ ’
 

 Although the procedure followed by plaintiff and the board will ordinarily result in a right to a teacher’s limited contract, such' a contract, like any other, must have read into it the provisions of any valid statute applicable thereto. It follows that the contract provided for in Section 4842-8, General Code, is subject to and limited by the provisions of Section 7896-34, General Code (109 Ohio Laws, 237), with reference to the retirement of a school teacher, and, since plaintiff was retired prior to June 1, 1946, after which date his presumed assent to a contract of re-employment would have become effective, he was not eligible to serve as
 
 *559
 
 a teacher and therefore had no right to a contract for such service.
 

 In a situation somewhat similar to the instant one, the Supreme Court of Montana, in the case of
 
 State, ex rel. Hoagland,
 
 v.
 
 School District No. 13 of Prairie County,
 
 116 Mont., 294, 298, 151 P. (2d), 168, said: _
 

 _ “A reference to Section 1075, Revised Codes, quickly disposes of that question.’ It provides that the teacher ‘shall he deemed re-elected’ unless given notice of her re-election or otherwise by a majority vote of the trustees prior to May first. ‘Deemed’ has been defined as ‘considered,’ ‘determined,’ or ‘adjudged’
 
 (State, ex rel. Sinko,
 
 v.
 
 District Court,
 
 64 Mont., 181, 208 P., 952), but we cannot ‘consider,’ ‘determine’ or ‘adjudge,’ pursuant to one statute, that the board of trustees has lawfully and effectively done what is expressly made unlawful by another statute. In other words, we cannot deem under Section 1075 that she has been re-elected through the inaction of the board, which under Section 456.2 could not by affirmative action have re-elected her. ’ ’
 

 The priniciple involved was admirably expressed in
 
 Holbrook
 
 v.
 
 Ives,
 
 44 Ohio St., 516, 524, 9 N. E., 228, as follows:
 

 “ ‘The laws which subsist at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of the contract, and this is so, whether such laws effect [affect] its validity, construction, discharge, or enforcement.’
 
 Roberts
 
 v.
 
 Cocke,
 
 28 Gratt (Va.), 207.”
 

 It is our view that a contract which arises by virtue of the provisions of Section 4842-8, General Code, must have read into it the provisions of Section 7896-34, General Code, and it follows therefore, that after his involuntary retirement in May 1946, plaintiff was not entitled to a contract as a teacher for the school year 1946-1947.
 

 
 *560
 
 The trial court was not in error when it rendered judgment for the board notwithstanding the verdict for plaintiff. The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas is affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Turner and Taft, JJ., concur.