[No. 1400-2.    Division Two.    October 22, 1975.]

DAN H. MCLACHLAN, ET AL, *Appellants,* v. TACOMA COMMUNITY COLLEGE DISTRICT No. 22, ET AL, *Respondents.*

*Fred B. Phillips, Jr.,* for appellants.

*Slade Gorton, Attorney General,* and *Robert E. Patterson, Assistant,* for respondents.

Petrie, C.J.—Four instructors at Tacoma Community College, employed under part-time teaching contracts for the school year 1971-72, filed a complaint against their employer seeking reclassification of their status to full-time faculty appointees and enforcement of tenure rights provided under RCW 28B.50.850-.869. They have appealed from a summary judgment dismissing their complaint.

Two plaintiffs, McLachlan and Wiseman, were employed by the defendant college district for the 1970-71 year under full-time teaching contracts. Their contracts provided, in part:

> This contract is written for one-year only. During that time, the *employee waives all rights normally provided by the tenure laws* of the State of Washington.

(Italics ours.) They taught pursuant to their contracts during 1970-71 and were not, during that school year, notified of any decision that their full-time contracts would not be renewed. However, at the time of contracting, they had been informed their employment was to replace full-time instructors on 1-year sabbatical leave.

In September 1971, McLachlan and Wiseman were offered part-time teaching contracts for the fall quarter of 1971. They voluntarily executed these contracts, and in December 1971, they executed part-time contracts for the winter quarter of 1972. Had any of these contracts been rejected by them, they would not have been offered full-time employment contracts.

McLachlan and Wiseman contend (1) they performed services during 1971-72 required of teachers with full-time faculty appointments but were paid only on a part-time basis as provided in their contracts; (2) the waiver provisions in their 1970-71 contracts should not be enforced for reasons of public policy; (3) they were not adequately notified of the district's decision not to renew their full-time contracts for the 1971-72 year; and (4) they were, therefore, entitled to the benefits of full-time contracts for 1971-72 as a matter of law.

We defer, briefly, the issue of whether the plaintiffs per-

formed full-time equivalent services for 1971-72, and for purposes of this opinion only, we assume neither McLachlan nor Wiseman received notice of nonrenewal as required by RCW 28B.50.857.[1]

We have previously held that a teacher subject to the continuing contract law, RCW 28A.67.070 (formerly RCW 28.67.070), and to whom notice of nonrenewal has not been given, may elect not to enforce her statutory right to reemployment on contractual terms identical with those in her preceding contract. *Lande v. South Kitsap School Dist. 402,* 2 Wn. App. 468, 469 P.2d 982 (1970). In that sense, we have held a teacher may "waive" a statutory right to reemployment and thereafter contract with her employer on terms other than those which previously existed. We did not hold in *Lande*, however, that a teacher and a school district may validly incorporate a provision in an executory contract which purports to waive all statutory rights that would otherwise accrue to that teacher.

In the McLachlan and Wiseman contracts both teachers agreed in advance to waive "all rights normally provided by the tenure laws." Under a given set of circumstances, a blanket waiver of tenure rights may well contravene public policy, but we need not decide such a broad issue. Instead, we examine these contracts in the precise circumstances under which they were executed.

McLachlan's and Wiseman's 1970-71 contracts granted them full-time, but temporary, occupancy of their teaching positions for 1 year. Thus, they were "probationers" under the faculty tenure statutes applicable to community college faculty members. RCW 28B.50.851(2), (3) and (4). As such, they were entitled to continuing evaluation by a review committee composed primarily of their faculty peers, RCW 28B.50.856, and to notice on or before the last day of

---

[1]RCW 28B.50.857 provides:

"Upon the decision not to renew a probationary faculty appointment, the appointing authority shall notify the probationer of such decision as soon as possible during the regular college year: *Provided,* That such notice may not be given subsequent to the last day of the winter quarter."

the winter quarter of the district's decision not to renew their appointments. RCW 28B.50.857. They received neither.

■ Neither McLachlan nor Wiseman filled a vacant, full-time, teaching position. Both knew they were being hired to replace faculty who continued to "hold" their tenured positions while on sabbatical leave. We envision no serious public policy considerations which would prohibit a teacher from waiving the statutory nonrenewal notice provisions in advance of the notice date, provided he knows the purpose of his employment is to replace the regular occupant of that position who is on a 1-year sabbatical leave. Accordingly, we hold that McLachlan and Wiseman validly waived their right to statutory notice of nonrenewal of their 1-year contract.

We view the waiver of their right to continuing evaluation in a slightly different light. The parties have stipulated that both McLachlan and Wiseman are qualified and competent teachers who adequately performed professional functions incident to their employment. Hence, the evaluation process potentially is a significant benefit because of the reviewing committee's authority "at appropriate times [to] make recommendations to the appointing authority as to whether tenure should or should not be granted to individual probationers: . . ." RCW 28B.50.856.

Nothing in the record indicates the defendant district intends to deny McLachlan and Wiseman credit for having completed 1 year of probationary teaching. Hence the real benefit denied them is the *possible* recommendation that tenure be granted after only an *abbreviated* teaching career. That is an uncertain benefit because the final decision to award or withhold tenure prior to the successful completion of 3 years of teaching rests with the appointing authority after it has reasonably considered the reviewing committee's recommendation.[2]

---

[2]Upon the successful completion of 3 consecutive years of teaching within any one college district a probationary faculty member attains tenured status. RCW 28B.50.852.

We see no serious reason why a probationary faculty member should be prohibited from waiving the benefit of a possible recommendation to tenured status after an abbreviated period of teaching. Accordingly, we hold that McLachlan and Wiseman did validly waive their right to the convening of an evaluation committee to review their progress in their teaching careers. It should be understood, however, that this holding does not detract from the fact that McLachlan and Wiseman have successfully completed 1 year of probationary teaching within Tacoma Community College District No. 22 as a result of their performance under their 1970-71 contracts.

We turn now to the other two plaintiffs, Adams and Shelley. They were employed by the defendant college district for the 1970-71 year under part-time, quarterly contracts. Each taught more than 10 hours per quarter during that year.

In May 1971, the employees' bargaining agent recommended to the district, as part of the negotiations between the district and its employees, that salaries of part-time teaching personnel with teaching loads greater than 5 hours be prorated on the basis of a full-time load of 15 teaching hours. Because of the additional costs involved, the district initially rejected this proposal. Ultimately, however, a compromise was reached. The compromise provided:

> No faculty member will be hired at a part-time pay rate who teaches more than *ten* credit hours *unless* he replaces a person for one year on sabbatical leave. A person who has taught more than ten hours per quarter during the 1970-71 year on a part-time pay basis is excluded from this limitation for the 1971-72 year only.

Because Adams and Shelley had taught more than 10 hours per quarter in 1970-71 the compromise authorized them to teach in excess of 10 hours in 1971-72. They were offered and they accepted part-time contracts to do precisely that. Had they rejected these contracts they would not have been offered any other contracts of employment with the district.

Adams and Shelley contend that they, too, carried full-time equivalent teaching loads during 1971-72 and that any interpretation of the district's collective bargaining agreement which prohibits them from being reclassified as full-time faculty members renders that compromise agreement arbitrary, irrational, and totally unenforceable.

Rather than viewing the collective bargaining agreement as arbitrary, irrational, and unenforceable, we find it enlarged the number of persons to whom part-time contracts could be offered and, specifically as to Adams and Shelley, preserved for them the right to teach (and be paid for) a greater number of hours than otherwise would have been available to them. The defendant district was obliged to abide by the terms of its collective bargaining agreement.

Finally, we note that all the plaintiffs and the defendant district performed their respective obligations under the 1971-72 part-time contracts. McLachlan and Wiseman were not entitled, as a matter of right, to have been offered full-time contracts for 1971-72. All were offered contracts consistent with the district's collective bargaining agreement with its employees. Accordingly, we need not consider whether *any* of the plaintiffs carried a full-time equivalent teaching load during 1971-72. However, we do find that an instructor's contractual obligations under a full-time contract are distinctly different from and greater than an instructor's obligations under a part-time contract. None of the plaintiffs were contractually obligated to perform all the duties required of a full-time faculty appointee during the 1971-72 school year.

Judgment affirmed.

PEARSON and REED, JJ., concur.