[No. 2836–2.   Division Two.   August 9, 1978.]

RICHARD L. MYKING, ET AL, *Appellants*, v. BETHEL SCHOOL DISTRICT No. 403, ET AL, *Respondents*.

C. *Kenneth Grosse,* for appellants.

*Elvin J. Vandeberg,* for respondents.

REED, J.—This is an appeal from a judgment approving the reduction of plaintiff Richard L. Myking's salary for failure to comply with defendant Bethel School District's continuing education policy. We affirm.

The plaintiff has been a certified employee of the Bethel School District since the mid–1950's. In the mid–1960's the school district adopted a salary schedule pursuant to RCW 28A.67.066. This schedule enabled a teacher to increase his compensation for the first 13 years of experience; for each year of experience a teacher would advance vertically on the schedule. The schedule also contained seven horizontal steps which provided for salary increases based on obtaining additional education beyond a 4–year degree.

In 1969 the school district adopted rule 4.4.4.2 on the joint recommendation of local administrators and the Bethel Education Association (BEA), of which plaintiff was then president. This policy required each teacher to secure an additional 3 quarter hours of professional education or in–service training every 3 years. Failure or refusal resulted

in the loss of one vertical experience step; those below the 13th step would not advance and those at the 13th step would regress one step to 12. The end result was a reduction in salary.

In 1972 plaintiff acquired 9 college credit hours, completing his course work for a master's degree. Subsequently, plaintiff pursued no college course work until November 1975. During the 1974–75 school year plaintiff was employed at the 13th vertical and 7th horizontal step. Near March 1, 1975, the school district reminded plaintiff by written notice of rule 4.4.4.2. The plaintiff signed and returned the notice to the school district as directed. At trial plaintiff admitted that he was cognizant of the rule's requirement and that he had intended to fulfill it in June by attending a wrestling clinic. He further stated that personal problems arose which prevented his attendance.

On July 30, 1975, the district forwarded to plaintiff a contract for the 1975–76 school year. A notice attached thereto indicated that plaintiff's salary was based on the college credit hours he had attained as of July 23, 1975, although adjustments were still possible if he furnished evidence of his completion of additional course work by September 12, 1975. The plaintiff's noncompliance with rule 4.4.4.2 was clearly reflected in his contract which showed a decrease of one experience increment fixing his salary at experience level 12. The plaintiff conceded at trial that when he signed the contract he knew of the decrease and in fact, had anticipated it. When contacted by the school district after the September 12 deadline, plaintiff confirmed that he had not fulfilled the additional educational requirement.

The plaintiff took no action and resigned himself to a reduced salary. In October a new contract was negotiated between the school district and BEA. BEA's inability to eliminate rule 4.4.4.2 from this contract prompted its president to contact plaintiff in the hope of persuading him to challenge the validity of both the rule and its present application. Plaintiff readily consented, and on January 5,

1976, he filed a grievance. The school district held that the grievance was not filed within 20 days as required by rule 4.4.20.4 and that even if it had been, rule 4.4.4.2 was a valid policy properly applied. Plaintiff appealed this determination to superior court where the district's ruling was upheld. This appeal, which we believe borders on the frivolous, followed.

In his initial assignment of error, the plaintiff maintains that RCW 28A.67.070 required the school district to give him notice before April 15, 1975, of its intention to reduce his salary. We do not agree. At the time this action arose, RCW 28A.67.070 mandated that when a teacher's contract was not to be renewed for the next ensuing school year, the district board must notify him or her before April 15. If no notice is provided, an employee is

> conclusively presumed to have been reemployed by the district for the next ensuing term upon contractual terms identical with those which would have prevailed if his or her employment had actually been renewed . . .

RCW 28A.67.070. Plaintiff had until September 12, 1975, to complete the 3 quarter–hour requirement of rule 4.4.4.2. This precluded any absolute notice by April 15, 1975. However, we believe that the March 1, 1975, letter furnished sufficient notice for it indicated that plaintiff would revert from experience step 13 to 12 if he did not obtain the required college credits.

Whether or not notice was either required or given pursuant to RCW 28A.67.070, plaintiff was reemployed for the 1975–76 school year upon the same contractual terms which would have prevailed had his contract been extended by virtue of RCW 28A.67.070; in effect rule 4.4.4.2 was incorporated into and was a part of both the 1974–75 and 1975–76 contracts. *Jacot v. Secrest*, 153 Ohio St. 553, 93 N.E.2d 1 (1950).

Finally, plaintiff waived any rights he had under RCW 28A.67.070 by knowingly signing his contract and returning it to the school district. *Lande v. South Kitsap School Dist. 402*, 2 Wn. App. 468, 469 P.2d 982 (1970);

*McLachlan v. Tacoma Community College Dist. 22,* 14 Wn. App. 372, 541 P.2d 1010 (1975).

The plaintiff next contends that the reduction of his salary by the school district constituted an "adverse action" under RCW 28A.58.450. This statute provides that before a certified employee may be discharged or otherwise adversely affected in his or her contract status, the employee must be notified in writing and given an opportunity for a hearing.

When RCW 28A.58.450 is read in the light of RCW 28A.67.070, it is obvious that it pertains only to an adverse action taken with respect to the *current contract* status of an employee. The effect of rule 4.4.4.2 was not on plaintiff's then current 1974–75 contract, but rather on his 1975–76 contract. When plaintiff executed his new contract he realized that his experience step would be 12 and not 13. Under any interpretation of RCW 28A.58.450 he could not be adversely affected in his contract status simply because he was paid according to the terms of the contract he executed with full knowledge prior to the commencement of the new school year.

Plaintiff's reliance on *Noe v. Edmonds School Dist. 15,* 83 Wn.2d 97, 515 P.2d 977 (1973) is unwarranted. In *Noe,* a teacher was placed on probation and a monetary penalty assessed due to activities in the classroom which were *external* to her contract. The court held that the teacher was adversely affected in her contract status and that under RCW 28A.58.450, the board of directors was required to give her notice and an opportunity for a hearing. Because in the case of Myking, rule 4.4.4.2 was incorporated into his contract and the salary reduction resulting from its operation did not stem from something external to the contract there was no "adverse action" on plaintiff's contract within the purview of RCW 28A.58.450.

Plaintiff also argues that the school board's invocation of rule 4.4.4.2 required compliance with RCW 28A.67-.065. Teaching competence is the cornerstone of RCW 28A.67.065, which establishes a probationary period from

February 1 through April 30, so that shortcomings can be remedied short of discharge. The statute is directed at teachers whose work is judged unsatisfactory and is aimed at correcting remedial teaching or classroom discipline and control deficiencies. *Wojt v. Chimacum School Dist. 49,* 9 Wn. App. 857, 516 P.2d 1099 (1973); *Van Horn v. Highline School Dist. 401,* 17 Wn. App. 170, 562 P.2d 641 (1977).

The requirement of rule 4.4.4.2 was applied to all teachers regardless of their ability or competence. The purpose of this rule was not to remedy unsatisfactory work, but rather to encourage teachers to return to school and to keep abreast of educational development. Here the plaintiff's work was never considered unsatisfactory. In fact, he was nominated district teacher of the year in 1975. It is therefore evident that RCW 28A.67.065 was inapplicable.

Plaintiff's remaining assignments of error are completely without merit.

Judgment affirmed.

PEARSON, C.J., and DORE, J., concur.

Reconsideration denied September 5, 1978.

Review denied by Supreme Court January 19, 1979.