[No. 42480. En Banc. December 14, 1972.]

WILLIAM M. HATTRICK, *Appellant*, v. NORTH KITSAP SCHOOL DISTRICT No. 400, *Respondent.*

*William H. Fraser,* for appellant.

*John A. Bishop, Gary A. Cunningham,* and *L. R. Rick Smith,* for respondent.

*George M. Mack* and *Roberts, Shefelman, Lawrence, Gay & Moch,* amici curiae.

FINLEY, J.—Following a decision by the School Board of North Kitsap School District No. 400 not to renew the teaching contract of Mr. William Hattrick for the 1969-70 school year, Mr. Hattrick appealed to the Kitsap County Superior Court which rendered judgment in favor of the respondent school board. This is an appeal by Mr. Hattrick from that judgment.

The facts of the immediate controversy are as follows:

The appellant, William Hattrick, had been a teacher of ninth grade English at North Kitsap Junior High School for several years prior to April of 1969. On April 11, 1969, a notice of nonrenewal of teacher's employment contract was served on Mt. Hattrick, pursuant to a prior decision of the school board. Thereafter, Mr. Hattrick gave a notice of appeal, and the school board held a series of hearings culminating in a decision by the school board on May 27, 1969, upholding their prior decision of nonrenewal. Mr. Hattrick then filed notice of appeal with the superior court on June 23, 1969, and subsequently filed a motion for summary judgment alleging that a transcript of the hearings held before the school board had not been filed with the superior court as required by RCW 28.58.470 (now RCW 28A .58.470). This motion was heard and denied, and trial was held in the superior court in March of 1970. At the conclusion of this trial, the trial judge determined that, of seven charges leveled against Mr. Hattrick by the school board, most were not supported by the evidence but, nonetheless, "in the Appellant's classes in Ninth Grade English discipline was more of a problem than with other teachers and it was necessary that the Appellant refer far more problems to the office than did other teachers within the Junior High School in which the Appellant taught." Based upon this finding of fact, the trial judge held that the school board had sufficient cause to nonrenew the appellant's contract, although the judge indicated that had he been making an independent determination, he would have reached the opposite conclusion and renewed the contract.

The major contentions of the appellant are (1) that, on appeal to the superior court, the school board was required by RCW 28A.58.470 to furnish a transcript of the hearing before it, and (2) that, pursuant to the trial de novo requirement of RCW 28A.58.480, the trial court must independently determine whether the sanction imposed by the school board was proper. We agree with both contentions.

Regarding the issue of furnishing a transcript of

the hearing before the school board, RCW 28A.58.470 provides as follows:

> The clerk of the superior court, within ten days of his receipt of the notice of appeal shall notify in writing the chairman of the school board of the taking of the appeal, and within twenty days thereafter *the school board shall at its expense file the complete transcript of the evidence and the papers and exhibits relating to the decision complained of*, all properly certified to be correct.

(Italics ours.) In the instant case, the school board filed only the papers and exhibits relating to its decision. The above statute, however, requires the filing of both exhibits and papers *and* a complete transcript. Although this legislative requirement that a complete transcript be filed may place a noticeable pecuniary burden upon smaller school districts, it is not our prerogative to veto this clear and specific mandate of the legislature. Indeed, the purpose of the legislature, in enacting RCW 28A.58.470, may very well have been to avoid charging this expense to a teacher who is less able to afford a transcript. Even though the trial court hearing the matter de novo may, at its option, make some use of this transcript or disregard it entirely, a complete transcript may be essential for such purposes as showing prior inconsistent statements. Thus, pursuant to the legislative enactment of RCW 28A.58.470, the school board *must* file a complete transcript with the superior court. It follows that the action of the school board in the instant case, in filing only papers and exhibits, was inadequate; the reporter's notes should have been transcribed and filed pursuant to RCW 28A.58.470.

As to whether the trial court's determination is to be made independent of the findings and decision of the school board, RCW 28A.58.480 provides the following:

> Any appeal to the superior court by an employee shall be heard *de novo* by the superior court. Such appeal shall be heard expeditiously.

(Italics ours.) Since this statute requires a trial de novo before the superior court, it is evident that the trial court's

determination must be made independent of any conclusion of the school board, and is to be based solely upon the evidence and testimony which the trial court receives. *State ex rel. Beam v. Fulwiler,* 76 Wn.2d 313, 456 P.2d 322 (1969); *Foster v. Carson School Dist. 301,* 63 Wn.2d 29, 385 P.2d 367 (1963). In the immediate case, the trial court indicated that its independent determination would not support the school board's decision, but since one of the seven bases for the school board's ruling was supported by the evidence, the court decided that there was sufficient cause for nonrenewal. However, the school board did not indicate that it would have nonrenewed Mr. Hattrick's contract if only one cause were proven. To assume that result is to put more weight on one single reason than the board may have intended. Therefore, upon this basis alone, it is evident that the trial court's determination must be its own, unhampered by the findings and conclusions of the school board.

Accordingly, the school board is hereby directed to submit to the trial court a complete transcript of the hearing before it. The decision of the trial court is reversed and the cause remanded for an independent determination by that court consistent with the views expressed herein.

HAMILTON, C.J., ROSELLINI, HUNTER, HALE, STAFFORD, WRIGHT, and UTTER, JJ., concur.