[No. 845-2.   Division Two.   November 5, 1973.]

RICHARD WOJT, *Appellant*, v. CHIMACUM SCHOOL DISTRICT No. 49, *Respondent*.

*Morgan Collins*, for appellant.

*William J. Daly, Jr.*, for respondent.

PEARSON, C.J.—Mr. Wojt was discharged from his employment as a schoolteacher in December of 1971. This appeal is taken from the judgment of the superior court upholding the action of the school board.

The primary issue on this appeal is whether the causes specified by the school board, as established at trial, constitute "sufficient cause" for discharge within the contemplation of RCW 28A.58.100(1)[1] and allied statutes. Accordingly, we deem it necessary to set out at length those causes and the pertinent findings of the trial court with respect to them.

On December 14, 1971, the board of directors of the Chimacum School District passed a resolution discharging Mr. Wojt. As required by RCW 28A.58.450, the resolution specified the causes for discharge. These were in substance as follows:

1. that Mr. Wojt made no effort to maintain an effective educational classroom atmosphere, but on the contrary permitted a complete breakdown of discipline;

2. that he permitted students to deface classroom property, and negligently permitted damage to a student's property;

3. that he was guilty of "unprofessional and unmanly" conduct in giving notice to his students of parental complaints directed against him, with the intent to humiliate the student daughter of the complainant, and that he released the complaints of a fellow teacher;

4. that he permitted students to fix their own grades, in defiance of school policy;

5. that he exposed his students to materials wholly irrelevant to the purposes of his courses, in particular that he played in class a phonograph record wholly irrelevant to the subject matter of his course;

---

[1] RCW 28A.58.100 provides, in part: "Every board of directors, unless otherwise specially provided by law, shall:

"(1) Employ for not more than one year, and for *sufficient cause* discharge all certificated and noncertificated employees, and fix, alter, allow and order paid their salaries and compensation;" (Italics ours.)

6. that he played the record without clearance by the instructional materials committee of the school;

7. that he removed the record from the safekeeping of the librarian with a showing of contumaciousness and insubordination; and

8. that he has evinced an attitude of egocentrism, and refusal to conform to school policies toward the school board, administrators, and parents.

Mr. Wojt elected to pursue his remedy directly to superior court, pursuant to RCW 28A.58.515, in lieu of an intermediate hearing before the school board. A trial de novo was had in that court, as required by RCW 28A.58.480. *See Hattrick v. North Kitsap School Dist. 400,* 81 Wn.2d 668, 504 P.2d 302 (1972). Upon live testimony and other evidence, the trial court found that six of the causes specified by the board had been established. Essentially, the findings relate

1. that Mr. Wojt offered lip service to classroom discipline, failing to respond in good faith to administration directives;

2. that he gave public notice to his students of complaints respecting his teaching methods;

3. that he failed to follow administrative policy in fixing grades;

4. that he played a record irrelevant to the subject matter of his course in class, without clearance by the instructional materials committee;

5. that he wrongfully thereafter obtained the record from the custody of the librarian; and

6. that his attitude toward the administration and its policies was one of egocentricity, stubbornness, and insubordination, lacking in a spirit of good faith and cooperation.

Mr. Wojt initially contends that the findings of the trial court cannot sustain his discharge, aside from the question of whether they demonstrate "sufficient cause," because they are not based "upon the cause or causes stated in the notice" as required by RCW 28A.58.515. This argument is without merit. While the causes specified by the school

board were in some instances stated in more conclusionary terms than the trial court's determinations, it is apparent that the findings were "based upon" them. Moreover, in this case the board's specifications were expanded and elucidated by a bill of particulars produced after the pretrial conference. The trial court pursued its inquiry within the parameters established by the stated causes and the bill of particulars, and shaped its findings accordingly. This satisfied the statutory mandate that the trial be confined to the issues framed by the school board.

■ Furthermore, it is clear from the record that the trial court's determination was made "independent of any conclusion of the school board, and . . . based solely upon the evidence and testimony" which it received. *Hattrick v. North Kitsap School Dist. 400, supra* at 670. Thus, while the scope of the inquiry in superior court is defined by the causes specified by the school board, the trial judge is unhampered by the board's conclusions. In effect, the superior court is substituted for the school board and redecides the case. *Reagan v. Board of Directors,* 4 Wn. App. 279, 480 P.2d 807 (1971). The trial court in this case recognized this requirement, and its findings were supported by substantial evidence adduced in court.

The legal sufficiency of these findings as cause for discharge is the crucial issue. RCW 28A.58.100(1) differs from many such statutes in other jurisdictions in its failure to set forth with particularity specific types of conduct which constitute grounds for the discharge of a teacher during his contract term, or to set any reasonably ascertainable standard against which a teacher's conduct may be measured.[2] This complicates the task of determining "sufficiency."

■ It is clear under Washington law that the discharge of a teacher affects a legal right, which cannot be canceled or impaired at the will or discretion of the board of direc-

---

[2]For example, among the grounds for dismissal stated in California Education Code § 13403 (West Supp. 1973) are "Immoral or unprofessional conduct" and "Evident unfitness for service." *Board of Trustees v. Stubblefield,* 16 Cal. App. 3d 820, 94 Cal. Rptr. 318 (1971). *See generally* 4 A.L.R.3d 1090 (1965).

tors. *Seattle High School Chapter 200 v. Sharples,* 159 Wash. 424, 293 P. 994, 72 A.L.R. 1215 (1930). Notwithstanding this proposition, the case law does little to elucidate what constitutes sufficient cause for discharge. Teacher failure in the areas of classroom organization, control, and discipline has been held to create sufficient cause for *nonrenewal* of a teaching contract. *Robel v. Highline Pub. Schools, Dist. 401,* 65 Wn.2d 477, 398 P.2d 1 (1965). Disciplinary shortcomings, in conjunction with lack of success in teaching certain subjects, were held sufficient for discharge in *State ex. rel. Board of Directors, Dist. 306 v. Preston,* 120 Wash. 569, 208 P. 47 (1922). Such cases are arguably applicable to the instant facts.

■ However, while the language of RCW 28A.58.100(1) has remained unchanged, the general statutes pertaining to the scope of teachers' contractual rights have undergone significant modification since the above cases were decided. A determination of the meaning of "sufficient cause" can only be made in light of the legislative purpose embodied in the statutes pertaining to teachers taken as a whole. Insofar as such enactments can be construed to modify the term "sufficient cause," they are relevant to the inquiry here.

■ This factor assumes importance to the facts of this case in light of RCW 28A.67.065, enacted by Laws of 1969, 1st Ex. Sess. This statute, previously unconstrued, provides:

> Every board of directors, in accordance with procedure provided in RCW 28A.72.030, shall establish an [sic] evaluative criteria and procedures for all certificated employees. Such procedure shall require not less than annual evaluation of all employees. New employees shall be evaluated within the first ninety calendar days of their employment. Every employee whose work is judged unsatisfactory shall be notified in writing of stated areas of deficiencies along with recommendations for improvement by February 1st of each year. A probationary period shall be established from February 1st to April 15th for the employee to demonstrate improvement.

RCW 28A.72.030 in turn contemplates the participation of duly designated employee organizations in the formulation of the evaluative criteria and procedures.

We are of the opinion that this statute, which contemplates the establishment of substantive and procedural rights with respect to the evaluation of the work of certificated employees[3] and the improvement of stated deficiencies, evidences a legislative purpose to modify the scope of "sufficient cause" for discharge, insofar as such causes can be said to come within its terms. To hold otherwise would be to ignore the effect and purpose of the new statute, and permit discharge for acts or conduct within its scope without following the procedures which it prescribes.

Where a teacher is discharged because of classroom deficiencies, the consequences are severe. Chances of other employment in the profession are diminished, if not eliminated. Much time, effort, and money has been expended by the teacher in obtaining the requisite credentials. It would be manifestly unfair to allow a discharge for a teaching or classroom deficiency which is reasonably correctable. In our view, the legislative purpose of RCW 28A.67.065 was to prevent such injustice from occurring.

To accomplish that purpose, this statute requires the promulgation of evaluative guidelines concerning teaching and other classroom-related performance—anything that reasonably relates to a teacher's "work"—and a procedure whereby unsatisfactory performance in those areas can be corrected.

It necessarily follows that conduct, practices, or methods which can fairly be characterized as *remediable teaching deficiencies* fall within the purview of the statute, and cannot constitute "sufficient cause" for discharge unless its notice and probationary procedures are complied with.[4]

---

[3]This term includes teachers and administrative personnel who hold teaching certificates. *Champion v. Shoreline School Dist. 412*, 81 Wn.2d 672, 504 P.2d 304 (1972).

[4]The record does not disclose that this statute was brought to the attention of the trial court. While it is a well-recognized rule that appellate courts will not inquire into issues presented for the first time

This interpretation of RCW 28A.67.065 compels a reversal of the instant case. We are of the opinion that the findings of the trial court describe acts and conduct that can, in the aggregate, be characterized as such remediable deficiencies. A breakdown in discipline and a failure to conform to reasonable administrative policies respecting grading and teaching methods is essentially what the findings, in the light of the entire record, evidence. It is unquestionable that such matters are of vital concern to the school board, and it is equally clear under the former decisions that they justify discharge.

No single act alluded to in the findings (such as the playing on one school day of an irrelevant but "innocuous" record—in the words of the trial court—or the unwise release of a parental complaint) is of such a nature which, by itself, would justify discharge; rather, the aggregate of his conduct evidences at the most a pattern of deficiency in Mr. Wojt's approaches to discipline and communication with his superiors which was capable of solution. The trial court recognized these facts in its oral opinion:

> In this case I was very much impressed by the testimony of Mr. O'Donnell and Mr. Ondracek. [Principal and Superintendent, respectively.] I think they are highly competent people, but they have got themselves in an impossible position. The school board on one side says either you get rid of Wojt or we'll get rid of you.
>
> Well, of course, that is not a very practical and proper thing to do. I think if they had let Mr. Ondracek and Mr. O'Donnell handle the situation, it could have been solved, because there is certainly a lack of communication.
>
> . . .
>
> You can't maybe say any one thing alone was sufficient.

We note only in passing that in implementing the evalua-

on appeal, *Gnecchi v. State*, 58 Wn.2d 467, 364 P.2d 225 (1961), we do not conceive that the rule applies in the present case. The primary issue before the trial court was the *legal sufficiency* of the stated causes for discharge. All statutes and authorities which bear upon the issue of the *sufficiency* of the causes are therefore properly before this court. We also point out that the burden of establishing sufficient cause for discharge is upon the school district.

tive and probationary procedures contemplated by RCW 28A.67.065, good faith on the part of teachers, administrators, and the board is required.

Teaching competence, of course, is the touchstone of the statute. It provides only a means whereby shortcomings can be remedied short of summary discharge. Should the required procedure fail of substantial correction of work-related deficiencies, the power of the school board to discharge therefor remains unimpaired.

Judgment reversed, with directions to reinstate the plaintiff.

PETRIE and ARMSTRONG, JJ., concur.