[No. 3847–43563–1.   Division One.   March 21, 1977.]

WILLIAM F. VAN HORN, *Appellant*, v. HIGHLINE
SCHOOL DISTRICT NO. 401, ET AL,
*Respondents.*

*Edwards & Wetherall* and *Jack E. Wetherall,* for appellant.

*Perkins, Coie, Stone, Olsen & Williams* and *John H. Binns, Jr.,* for respondents.

CALLOW, J.—William F. Van Horn, a teacher, appeals from a judgment awarded following a nonjury trial granting him damages for nonrenewal of his teaching contract, but denying him reinstatement. The employer, Highline School District No. 401, cross–appeals.

The teacher was first employed by the school district for the 1967–68 school year as a high school counselor. When he received the school district's offer of employment, he was asked to indicate the areas that he was willing to teach. He listed algebra as his fifth choice. At the outset of the 1970–71 school year, he was reassigned to Cascade Junior High as a mathematics teacher. Previously he had taught mathematics in Oregon in 1957. Prior to beginning the mathematics assignment in 1970, Van Horn filed a formal grievance and later brought suit on January 4, 1972, to contest this transfer. This action was dismissed with prejudice on November 8, 1972, for failure to comply with the time limitations of RCW 28A.88.010. No appeal was taken in that action.

On January 28, 1972, Van Horn was notified he was on probation by a letter from the principal of his school. The letter stated that the teacher was placed in a probationary teaching status until April 15, 1972, and that a further evaluation of his performance during the probationary period would be made to determine whether any further action was necessary. He was told in that letter that his services as a mathematics teacher had been unsatisfactory, and that the major deficiency in his performance was his failure to maintain adequate discipline and control of students in his classes. The letter then detailed a number of

incidents of poor classroom control and concluded suggesting ways to remedy the situation.

No hearing or opportunity to respond to the deficiencies listed in the probationary letter of January 28, 1972, was provided to Van Horn prior to his being placed on probation. However, numerous personal visits had been made to his mathematics class for evaluative purposes and one written evaluation was performed during the 1971–72 school year prior to his being placed on probation.

The trial court found that the district nonrenewed the teacher by letter dated April 13, 1972, listing as the specific cause for nonrenewal the failure to maintain adequate control and discipline of pupils in his classes. The nonrenewal letter made reference to the probationary letter of January 28, 1972, and incorporated the disciplinary problems referred to in that letter as the basis for concluding that there was probable cause to nonrenew his contract. The trial court further found:

6. Discipline problems of the kind described in the January 28, 1972 letter and referred to in the letter of nonrenewal were common at Cascade Junior High and not limited exclusively to the plaintiff's classes or students.

7. During the school year 1971–72 and prior to the probationary letter of January 28, 1972, the only evaluation done concerning the teacher's classroom performance was performed by . . . the vice principal for Cascade Junior High School, which evaluation was in writing . . . The general content of that evaluation was favorable to the plaintiff.

8. . . . [T]he evaluative criteria used in evaluating the teacher were comprised of a part of the January 28, 1972 letter of probation . . ., to wit: ". . . failure to maintain adequate discipline and control of students", and the "Evaluation for Teacher Growth" form . . .

9. The District failed to prove that the teacher's performance was below acceptable standards under the criteria used prior to placing the teacher on probation and the District failed to prove there was probable cause to place the teacher on probation.

10. No hearing or opportunity to respond to the deficiencies listed in the probationary letter of January 28, 1972 was provided to the teacher prior to placing the teacher on probation.

11. The determination of probable cause to place a certificated teacher on probation and the placing of such a teacher on probation are nondelegable duties of the school board.

12. The specific cause listed, "failure to maintain adequate discipline and control of students" was a remedial [*sic*] deficiency.

The trial court further found:

15. Copies of the evaluations which were performed during the probationary period were not provided to the teacher until the teacher requested them. None of the evaluators reviewed their findings with the teacher. No recommendations of means of improving were made to the teacher by any of the evaluators during the probationary period, except to the extent that recommendations for improvement were contained in the evaluations themselves.

16. At an executive session held by the school board on April 12, 1972 the district's board of directors in determining whether probable cause existed not to renew the teacher's contract considered only an oral presentation by [the school superintendent] which presentation was filed in this cause in the district's answer to the teacher's second set of interrogatories and the oral presentation made by [the superintendent] was substantially as follows:

"(a) The District administration alleges that William Van Horn, a teacher of mathematics at Cascade Junior High School, has failed to maintain adequate control and discipline of pupils assigned to his classes to the extent that the environment for learning in his classes is far below acceptable standards.

"(b) It is recommended that the Board of Directors find the existence of probable cause for the nonrenewal of Mr. Van Horn's employment contract.

"(c) Consideration should be given to the alternative of reassigning Mr. Van Horn to his previously assigned duties as counselor. However, in view of the dissatisfaction with his counseling performance during his two and one-half years in that position at Evergreen High

School as indicated at the grievance hearings before the Board in November 1970, the administration recommends against such transfer.

"(d) The form of probable cause letter was presented to the Board for review and consideration."

None of the teacher evaluations referred to in Findings 7 and 13 which were made a part of the transcript referred to in Finding 17 were reviewd by the school board.

Based on these findings, the trial court concluded that the teacher's contract was wrongfully nonrenewed, limited recovery to 1 year's back salary, and granted a reduced award of attorney's fees. Viewing reinstatement in this situation as being discretionary, the trial court declined to order reinstatement. Van Horn now appeals the failure to reinstate him and challenges the amount of the award of attorney's fees. The school district cross–appeals the ruling that the plaintiff was wrongfully discharged.

The issues presented are (1) whether a trial court has discretion to order or deny reinstatement of a teacher under RCW 28A.67.070; (2) whether the teacher was improperly nonrenewed; (3) whether the payment of 1 year's back salary, instead of reinstatement, satisfies the requirements of RCW 28A.67.070 when it has been found that a teacher has been improperly nonrenewed or discharged; (4) were acceptable standard criteria for evaluation adopted and in use at the time of the teacher's probation and nonrenewal; and (5) whether the award of the reduced amount of attorney's fees was an abuse of the trial court's discretion.

## WHAT IS THE FUNCTION OF THE SUPERIOR COURT UNDER RCW 28A.67.070?

■ The inquiry is made as to whether the trial court has discretion to order or deny reinstatement of a teacher. The reinstatement or nonrenewal of a teacher is not a discretionary act that a trial judge performs in the sense that "discretionary" can connote "option" or "choice", or a decision left to the individual judgment of the trial judge. The function the trial court must perform, independently in a

trial de novo under RCW 28A.58.480, is to determine whether the sanction imposed by the school board was proper. *Hattrick v. North Kitsap School Dist. 400,* 81 Wn.2d 668, 504 P.2d 302 (1972). If the school board's sanction was imposed after the statutory procedures had been followed and cause for the sanction had been established by the evidence, then the superior court judge could not reinstate the teacher as his or her choice of disposition. *Lines v. Yakima School Dist. 7,* 12 Wn. App. 939, 533 P.2d 140 (1975). Likewise, if a material procedural defect is proven to be present or the evidence does not establish cause for the discharge or nonrenewal of the teacher, the superior court is not given authority under the statutes, nevertheless, to discharge or nonrenew the teacher. This is the function of the school board. *See* RCW 28A.58.100, .450, .460, .480, .515; RCW 28A.67.065, .070.[1] *Francisco v. Board of Directors,* 85 Wn.2d 575, 537 P.2d 789 (1975); *Martin v. Dayton School Dist. 2,* 85 Wn.2d 411, 536 P.2d 169 (1975), *cert. denied,* 424 U.S. 912 (1976); *Kirk v. Miller,* 83 Wn.2d 777, 522 P.2d 843 (1974); *Robel v. Highline Public Schools, Dist. 401,* 65 Wn.2d 477, 398 P.2d 1 (1965); *State ex rel. Mary M. Knight School Dist. 311 v. Wanamaker,* 46 Wn.2d 341, 281 P.2d 846 (1955).

The statutes do not reflect a legislative intent to make the superior courts a super school board in the area of the

---

[1]RCW 28A.58.100 provides in part:

Every board of directors, unless otherwise specially provided by law, shall:

(1) Employ for not more than one year, and for sufficient cause discharge all certificated and noncertificated employees, and fix, alter, allow and order paid their salaries and compensation;

RCW 28A.58.450, .460, .480, .515 and RCW 28A.67.065, .070 have been materially amended since the board action and superior court trial. This decision, insofar as the placing of the teacher on probation is concerned, is based upon the wording of the statutes as then applicable to the proceedings before the superintendent, the school board, and the superior court. Recent amendments to the statutes would produce a different result relative to the procedures for placing a teacher on probation and the effect of probation upon contract status (*see* RCW 28A.67.065, as amended) were the same circumstances to occur at present; these amendments do not change our decision regarding the function of the superior courts under RCW 28A.67.070 as hereinabove set forth.

retention or discharge of teachers. It is the role of the superior court to ascertain that the procedures set forth in the statutes have been followed and to evaluate whether sufficient cause existed for the nonrenewal of a teacher's contract. *Wojt v. Chimacum School Dist. 49,* 9 Wn. App. 857, 516 P.2d 1099 (1973). However, it is not the function of the superior court to decide that, even though a material procedural defect existed in the proceedings that took place within the school district, the evidence introduced in the superior court trial de novo was sufficient for the trial judge to determine and conclude, by his or her own evaluation of the evidence, that the teacher, though improperly discharged by the school board, should be discharged based upon the evidence introduced at the trial.

The Superior Court, having concluded that the teacher's contract was wrongfully nonrenewed, did not have discretion to act upon the teacher's teaching status for the years ahead. The duty of the Superior Court in such a situation was to order reinstatement. If cause for discharge or nonrenewal continued to exist, the school board could commence proceedings again. If the respective interests of the employer and employee are to be protected, the procedural requirements set forth in the statutory scheme must be followed.

### WAS THE TEACHER IMPROPERLY NONRENEWED?

The trial court found that there was a failure of proof of probable cause to place the teacher on probation and that there was no hearing provided prior to placing the teacher on probation. This result was proper under the wording of the statutes then applicable.

A deficient teaching conduct, practice or method which can be characterized as "remediable" is one that is reasonably correctable. *Wojt v. Chimacum Schol Dist. 49, supra.* The plaintiff's class discipline and control problems were found to be remediable deficiencies. The trial court, relying upon RCW 28A.67.065 and the *Wojt* case, required that the protective procedures of the statutes be followed

before nonrenewal. The potential for harm if protective procedures are not followed prior to the issuance of a non-renewal notice for failure to correct remediable deficiencies was expressly recognized in *Wojt*. The court there stated:

> Where a teacher is discharged because of classroom deficiencies, the consequences are severe. Chances of other employment in the profession are diminished, if not eliminated. Much time, effort, and money has been expended by the teacher in obtaining the requisite credentials. It would be manifestly unfair to allow a discharge for a teaching or classroom deficiency which is reasonable correctable. . . .
>
> . . .
>
> It necessarily follows that [such remediable teaching deficiencies] . . . cannot constitute "sufficient cause" for discharge unless . . . notice and probationary procedures are complied with.

*Wojt v. Chimacum School Dist. 49, supra* at 862.

Suffice it to say that under the law as it existed during the period of this controversy, found in the statutory guidelines as interpreted by *Francisco v. Board of Directors, supra; Noe v. Edmonds School Dist. 15,* 83 Wn.2d 97, 515 P.2d 977 (1973); *Foster v. Carson School Dist. 301,* 63 Wn.2d 29, 385 P.2d 367 (1963); *Williams v. Board of Directors,* 10 Wn. App. 579, 519 P.2d 15 (1974); *Wojt v. Chimacum School Dist. 49, supra,* the teacher was not placed on probation in accordance with the then existing procedural requirements. Therefore, the nonrenewal of the teacher by the school board was based upon a fundamentally defective foundation. The conclusion of the trial court in this particular was correct.

### CONCLUSION

The opinions expressed make it apparent that the payment of a year's back salary, rather than reinstatement, was not in accordance with RCW 28A.67.070. Further, it is unnecessary to address the question of whether standard criteria for evaluation of the teacher's performance had been properly adopted and used.

The trial court ruled that while plaintiff had submitted an affidavit showing that nearly 450 hours of time had been spent by his attorneys in his behalf and the defendant stipulated to the reasonableness of the hourly rates charged, an award of $3,500 was reasonable since only 1 year's back salary was awarded. In light of the decision of this court, the award of attorney's fees must be reconsidered. *Friedlander v. Friedlander,* 80 Wn.2d 293, 494 P.2d 208 (1972).

The judgment is affirmed in the determination that the nonrenewal of the teacher's contract was wrong since it was based upon improper proceedings under the statutes and decisions then applicable. The judgment is reversed insofar as it fails to order reinstatement of the teacher. The cause is remanded to the trial court for a redetermination of damages and of attorney's fees pursuant to RCW 28A.58-.490. *Francisco v. Board of Directors, supra; Noe v. Edmonds School Dist. 15, supra.*

FARRIS, C.J., and SWANSON, J., concur.

Petition for rehearing denied August 4, 1977.

Review denied by Supreme Court February 3, 1978.