[No. 6637–8–II.   Division Two.   August 15, 1984.]

L. BLAINE CLARK, ET AL, *Appellants,* v. CENTRAL
KITSAP SCHOOL DISTRICT No. 401, *Respondent.*

*Gail S. Fujita,* for appellants.

*Christopher L. Hirst,* for respondent.

REED, J.—L. Blaine Clark appeals from a trial court decision upholding his dismissal from employment by the Central Kitsap School District. The only issue presented is whether a trial court, conducting de novo review of a school district's decision finding sufficient cause for discharge of an employee, has the authority to impose a sanction other than discharge. Finding it does not, we affirm.

On December 3, 1980, Clark, a classified employee (maintenance leadman) of the District since 1969, was involved in an accident while driving a District vehicle. Clark was intoxicated at the time, which was after normal working hours. Up until this incident, Clark had been an excellent employee with no previous disciplinary problems. Nevertheless, soon after the accident the School Board suspended Clark without pay, pending further proceedings.

In accordance with his collective bargaining agreement, Clark commenced grievance procedures. The grievance eventually was denied on May 27, 1981, and the School Board entered a formal order of dismissal.

Pursuant to RCW 28A.88.010, Clark appealed the Board's order of dismissal to the superior court and also sought damages for breach of contract. After hearing all the evidence, the trial court found that sufficient cause for discharge had been established. Believing, however, that permanent dismissal was an excessive sanction in light of Clark's excellent employment record, the court ordered reinstatement without back pay.

On a motion for reconsideration, the District challenged the trial court's authority to impose a sanction other than discharge. Clark argued that "de novo" review permits the trial court to substitute its own judgment for that of the Board and to impose what it considers to be an appropriate sanction. The trial court disagreed and granted the District's motion, concluding that it was without discretion to

impose a lesser sanction once it found that sufficient cause for discharge had been established by the evidence. Consequently, the court affirmed the Board's dismissal. Clark appeals this determination.

RCW 28A.58.100, now codified as 28A.58.099, outlines the criteria for employment by a school district and states in pertinent part:

> Every board of directors, unless otherwise specially provided by law, shall:
> (1) Employ for not more than one year, and *for sufficient cause discharge* all certificated and noncertificated employees; . . .

(Italics ours.) This statute unambiguously limits a school district employee's term to 1 year, subject only to discharge during the year for sufficient cause. *Butler v. Republic Sch. Dist.*, 34 Wn. App. 421, 661 P.2d 1005 (1983).

Appeals of school district actions under this statute are governed by RCW 28A.88.015, which states in pertinent part: "Any appeal to the superior court shall be heard de novo by the superior court." Finding no cases construing this standard of review with respect to noncertificated employees, the parties rely on several cases interpreting an identical standard in effect prior to 1976 for certificated employees (teachers and administrative personnel who hold teaching certificates. *Champion v. Shoreline Sch. Dist. 412*, 81 Wn.2d 672, 504 P.2d 304 (1972)). Because the statutory standards are identical and the individual employee, whether certificated or not, has the same stake in his or her legal right to employment, *Wojt v. Chimacum Sch. Dist. 49*, 9 Wn. App. 857, 516 P.2d 1099 (1973), we see no reason not to apply these cases.

Clark relies principally on *Hattrick v. North Kitsap Sch. Dist. 400*, 81 Wn.2d 668, 504 P.2d 302 (1972), wherein the issue concerned the meaning of a trial de novo of a school district's action not to *renew* a teacher's contract. The court held that de novo review means "the trial court's determination must be made independent of any conclusion of the school board, and is to be based solely upon the evidence

and testimony which the trial court receives." *Hattrick,* 81 Wn.2d at 670–71. Clark contends that in making an independent determination the trial court is authorized not only to find sufficient cause for discharge but, in its discretion, to impose a lesser sanction. We cannot agree.

Clark's reliance on *Hattrick* as support for his position is misplaced. In *Hattrick,* the school district refused to renew a teacher's contract, citing several reasons. On de novo review, the trial court upheld the school district's decision only because it found that one of the District's cited reasons was supported by the evidence. Because the trial court obviously relied on the District's conclusions and failed to make its own independent determination from the evidence, the decision of the trial court was reversed. Thus, contrary to Clark's suggestion, the concern in *Hattrick* was not with the court's authority to alter the sanction of discharge.

Unfortunately, the *Hattrick* court chose to couch the issue in terms of whether "the trial court must independently determine whether the sanction imposed by the school board was proper." This language also found its way into *Van Horn v. Highline Sch. Dist. 401,* 17 Wn. App. 170, 562 P.2d 641 (1977), at page 175. Despite the unhappy choice of words used to frame the issue, we believe the *Hattrick* court intended no more than that the trial court decide de novo whether there was "sufficient cause to non renew" Hattrick's teaching contract.

In any event, the *Van Horn* court reached a solution which we believe is correct and dispositive here. In *Van Horn* the question was whether a trial court performing de novo review of a teacher's nonrenewal has the authority either to order or deny reinstatement of the teacher. After stating the general standard of review from *Hattrick,* the court squarely states: "If the school board's sanction was imposed after the statutory procedures had been followed and cause for the sanction had been established by the evidence, then the superior court judge could not reinstate the teacher as his or her choice of disposition." *Van Horn,* 17

Wn. App. at 175. In reaching this conclusion the court looked carefully at the statutes and found that they vest no discretion in the trial court insofar as appropriate sanction is concerned, once sufficient cause for discharge is found.

> The statutes do not reflect a legislative intent to make the superior courts a super school board in the area of the retention or discharge of teachers. It is the role of the superior court to ascertain that the procedures set forth in the statutes have been followed and to evaluate whether sufficient cause existed for the nonrenewal of a teacher's contract.

*Van Horn,* 17 Wn. App. at 175–76. Consequently, the court held that once the trial court found a procedural defect in the school board's proceedings to nonrenew, its legal inquiry came to a halt and it was required to order reinstatement. *Van Horn,* 17 Wn. App. at 176.

Here, as in *Van Horn,* the boundaries of the trial court's legal inquiry and discretion under the applicable statutory provision are clear. Although the employee is entitled to a jury trial, *Lines v. Yakima Sch. Dist. 7,* 12 Wn. App. 939, 533 P.2d 140 (1975), and the final determination is to be made on the evidence presented in superior court, *Hattrick v. North Kitsap Sch. Dist. 400, supra,* only that evidence which is relevant to the single issue before the court would be admissible. The only issue before the court is whether the specified cause or causes for discharge have been sustained by a preponderance of the evidence. *Lines v. Yakima Sch. Dist. 7, supra; Reagan v. Board of Directors,* 4 Wn. App. 279, 480 P.2d 807 (1971); *MacKenzie v. School Comm.,* 342 Mass. 612, 174 N.E.2d 657 (1961).

Consequently, evidence in mitigation is not relevant and should not be admitted. Once sufficient cause for discharge has been found, the question of whether discharge is appropriate is a policy decision. That decision requires consideration of a number of factors such as the employee's work history, safety, effect on other employees, prior decisions and the precedential impact. Such matters involve policy considerations within the exclusive purview of the

board, not the trial court or jury. Neither judge nor jury is entitled to usurp the powers and authority of the duly elected board members once the board has satisfied the laws respecting discharge. Surely, had Clark's case been tried to a jury on proper instructions, that body's gratuitous recommendation of any sanction other than discharge would be a nullity.

As stated in *MacKenzie v. School Comm.*, at 614–15, 617, 619:

> The provision in [Massachusetts law], to "hear the cause 'de novo'" reads as a mandate to determine anew whether the charge or charges are substantiated. The "cause" on appeal is the cause which was tried before the school committee. *That cause is not what action is appropriate or wise, the offences being established; it is, has the teacher offended in the way charged?*
>
> . . .
> . . . The absence of a basis for a finding of other instances of unbecoming conduct in the twenty–three year period of the teacher's service is not significant. There was no occasion for the committee to prove long past conduct. The implication of the finding that this was a "single isolated case" is that it did not reflect the otherwise unquestionably exemplary conduct of the teacher. This was a consideration for the committee in the exercise of its discretion.
>
> . . .
> . . . Ability and faithful service are not to be lightly disregarded. It is to be assumed that school committees when faced with the necessity of determining whether other attributes of the teacher in the particular circumstances require dismissal will make every reasonable allowance for misunderstandings and personality conflicts. *But if there is ground for dismissal, the decision is theirs.*

(Citations omitted. Italics ours.)

In this case, the trial court clearly complied with *Hattrick* by independently determining that sufficient cause for discharge was presented by the evidence. In fact, few persons would disagree that the damaging of a District vehicle while driving after hours in an intoxicated condition con-

stitutes sufficient cause for discharge. For the reasons stated, we find the trial court's final decision upholding the District's order of dismissal was correct.

Finally, we decline to discuss the merits of Clark's contention that the court improperly placed upon him the burden of proof. The facts were essentially undisputed. Clark does not challenge any of the findings to suggest that the evidence was somehow insufficient and might have been affected by the burden of proof. Clark could not have been prejudiced in the circumstances. *In re Partnership Estate of Campbell,* 98 Wash. 295, 167 P. 905 (1917).

The decision of the trial court is affirmed.

WORSWICK, A.C.J., and PETRIE, J., concur.

Review denied by Supreme Court December 7, 1984.