[No. 8115-0-III.   Division Three.   November 19, 1987.]

ROBERT BUTLER, ET AL, *Appellants,* v. LAMONT SCHOOL DISTRICT No. 246, *Respondent.*

*Edward Hemphill,* for appellants.

*Robert Henderson, Henderson & Nichols,* and *Lewis M. Schrawyer,* for respondent.

THOMPSON, J.—On September 25, 1985, Robert Butler's employment as a bus driver for the Lamont School District was terminated. At the time of his discharge he was a member of the collective bargaining unit represented by Public School Employees of Washington (PSE). The notice of discharge sent to Mr. Butler outlined the district's concerns over deficient and unsafe conduct as well as a lack of acceptance of direction to correct a deficiency in performance. Specifically, the letter outlined four incidents of major concern: (1) driving with an underinflated tire resulting from a failure to inspect the bus in 1982; (2) leaving the bus running and unattended at a loading zone in February 1983; (3) driving at excessive speeds in December 1984; and (4) failing to be in the immediate vicinity of the bus while passengers were boarding on September 13 and 16, 1985. The notice of discharge further alleged, *inter alia,* that following a meeting with the superintendent on Tuesday, September 17, Mr. Butler returned to his bus, read to the students written complaints filed by two teachers, and announced to the students that he was being harassed and unfairly singled out.

He filed a grievance which was denied by the school board on December 12, 1985, on the basis that justifiable cause existed for discharge. Mr. Butler appealed that determination to superior court and also brought an action for breach of contract. On September 5, 1986, the trial court upheld the termination. Mr. Butler appeals. We reverse.

Article 11, section 11.1 of the collective bargaining agreement between Sprague and Lamont school districts and the

PSE provides:

> Section 11.1. The District shall have the right to discipline or discharge an employee for *justifiable cause.* The issue of justifiable cause shall be resolved in accordance with the grievance procedure hereinafter provided.

(Italics ours.)

RCW 28A.58.099 provides:

> Every board of directors, unless otherwise specially provided by law, shall:
> (1) Employ for not more than one year, and for *sufficient cause* discharge all certificated and noncertificated employees;[1]

(Italics ours.)

RCW 28A.88.015 provides:

> Any appeal to the superior court shall be heard de novo by the superior court. Such appeal shall be heard expeditiously.

The standard of review for appeals of school district actions under RCW 28A.88.015 is the same for certificated as well as noncertificated employees. *Clark v. Central Kitsap Sch. Dist. 401,* 38 Wn. App. 560, 562, 686 P.2d 514, *review denied,* 103 Wn.2d 1006 (1984). Notwithstanding the clear language of RCW 28A.88.015, de novo review of an agency's decision is permissible only when the agency acts in a quasi–judicial manner. *Yaw v. Walla Walla Sch. Dist. 140,* 106 Wn.2d 408, 722 P.2d 803 (1986). Here, because "justifiable cause" involved a determination of contract rights which is a type of decision historically made by courts, the board acted in a quasi–judicial capacity justifying de novo review. *See Yaw,* at 414.

The basic question on appeal is whether the trial court applied the proper test to define "justifiable cause" for discharge. Mr. Butler first contends it was error to apply the test articulated in *Clark v. Central Kitsap Sch. Dist. 401, supra,* which held that the only issue before the reviewing court is whether the specified cause or causes for

---

[1]No distinction is apparent between "justifiable cause" found in the collective bargaining agreement and "sufficient cause" alluded to in RCW 28A.58.099.

discharge have been sustained by a preponderance of the evidence. *Clark,* at 564; *see also Simmons v. Vancouver Sch. Dist. 37,* 41 Wn. App. 365, 380, 704 P.2d 648, *review denied,* 104 Wn.2d 1018 (1985). If the evidence supports the school board's determination sufficient cause for discharge exists, the court has no authority to determine whether discharge is appropriate under the circumstances. *Clark,* at 564; *Van Horn v. Highline Sch. Dist. 401,* 17 Wn. App. 170, 174–76, 562 P.2d 641 (1977). The choice of sanction is a policy decision requiring consideration of such factors as the employee's work history, safety, effect on other employees, prior decisions and the precedential impact which neither judge nor jury is entitled to usurp from the board. *Clark,* at 564–65. Thus, in the instant case, it was the district's burden to show by a preponderance of the evidence that the cause for discharge specified in the district's notice of discharge was sustained.

Mr. Butler takes issue with the discretion *Clark* affords the school board and argues *Clark* improperly limits the analysis of "cause" which should be defined broadly in the context of labor relations common law and should include factors outlined in arbitration guidelines appended to his brief. Mr. Butler's argument misses the point, however. We first review the determination of cause for discharge de novo for sufficiency of the evidence. Only after that decision is reviewed fully does the court afford deference to the board's choice of sanctions.

In reality, *Clark* does not set forth a test for justifiable cause, but rather lists factors to be considered in imposing an appropriate sanction after the cause determination is made. The choice of sanctions remains subject to review under the court's inherent authority applying the arbitrary, capricious, or contrary to law standard of review. *Pierce Cy. Sheriff v. Civil Serv. Comm'n,* 98 Wn.2d 690, 694, 658 P.2d 648 (1983); *Williams v. Seattle Sch. Dist. 1,* 97 Wn.2d 215, 221–25, 643 P.2d 426 (1982). Here, the trial court did not limit its review on the issue of cause, as evidenced by its rejection of the third ground for discharge—driving the bus

at excessive speeds.

Moreover, any inconsistency between *Clark* and prior case law has been adequately addressed:

> Clark relies principally on *Hattrick v. North Kitsap Sch. Dist. 400,* 81 Wn.2d 668, 504 P.2d 302 (1972), wherein the issue concerned the meaning of a trial de novo of a school district's action not to *renew* a teacher's contract. The court held that de novo review means "the trial court's determination must be made independent of any conclusion of the school board, and is to be based solely upon the evidence and testimony which the trial court receives." *Hattrick,* 81 Wn.2d at 670–71. . . .
> . . .
> Unfortunately, the *Hattrick* court chose to couch the issue in terms of whether "the trial court must independently determine whether the sanction imposed by the school board was proper." . . . Despite the unhappy choice of words used to frame the issue, we believe the *Hattrick* court intended no more than that the trial court decide de novo whether there was "sufficient cause to non renew" Hattrick's teaching contract.

*Clark,* at 562–63. Such reasoning is appropriate here. The trial court did not err in ruling *Clark* applicable.

Mr. Butler next contends even if *Clark* is applicable, the trial court erred in refusing to admit American Arbitration Association guidelines for justifiable cause; the inquiry was improperly expanded beyond the scope of the cause stated in the notice; and that past incidents of misconduct should not have been considered as additional causes for discharge. Mr. Butler's timely motion in limine preserved these issues on appeal. *See Fenimore v. Drake Constr. Co.,* 87 Wn.2d 85, 92, 549 P.2d 483 (1976); *State v. Smith,* 189 Wash. 422, 65 P.2d 1075 (1937).

Contrary to the statutes and case law developed in the area of justifiable cause for discharge of certificated employees, no articulated test has been established to define just cause in the context of noncertificated school district employment. As we noted earlier, the trial court's sole determination is which, if any, of the specified causes are legally sufficient for discharge by a preponderance of

the evidence. *Clark,* at 564; *Lines v. Yakima Sch. Dist. 7,* 12 Wn. App. 939, 945, 533 P.2d 140 (1975).

Mr. Butler contends the proper test for just cause has been set forth in American Arbitration Association guidelines,[2] containing seven criteria which roughly, but not exactly, correspond to counsel's offer of proof at trial:

> MR. HEMPHILL: I would offer of [*sic*] proof that uniform enforcement of the rules, consideration of work history, concept of [progressive] discipline and the [concept] of punishment [fitting] the crime are all inherent concepts in the term "justifiable cause" that are included in the negotiation between an employer and an employee representative.

A review of the record indicates the trial court did in fact allow questioning establishing the requirement of notice to the employee of rules for which violations would constitute grounds for discharge. Moreover, the court also allowed questioning concerning uniformity of enforcement—

---

[2] "TESTS APPLICABLE
FOR LEARNING WHETHER EMPLOYER
HAD JUST AND PROPER CAUSE
FOR DISCIPLINING AN EMPLOYEE

"1. Did the agency give the employee forewarning or foreknowledge of the possible or probable disciplinary consequences of the employee's conduct?
". . .

"2. Was the agency's rule or managerial order reasonably related to the orderly, efficient, and safe operation of the business?
". . .

"3. Did the agency, before administering discipline to an employee, make an effort to discover whether the employee did in fact violate or disobey a rule or order of management?
". . .

"4. Was the agency's investigation conducted fairly and objectively?
". . .

"5. At the investigation, did the 'judge' obtain substantial evidence or proof that the employee was guilty as charged?
". . .

"6. Has the agency applied its rules, orders, and penalties evenhandedly and without discrimination to all employees?
". . .

"7. Was the degree of discipline administered by the agency in a particular case reasonably related to (a) the seriousness of the employee's proven offense and (b) the record of the employee in his or her service with the agency?"

whether other drivers were allowed to be off their buses in similar situations. Since due process notions are inherent in de novo hearings of this nature, *Lines,* at 944, Mr. Butler was not precluded at trial from substantially pursuing his theory of the definition of just cause. Moreover, the test he proposed contains a disclaimer that the guidelines cannot be applied with "slide rule precision".

Although the admissibility of relevant evidence is a determination left to the trial court's discretion as it is in the best position to determine which evidence was relevant to the stated causes, *George v. Parke–Davis,* 107 Wn.2d 584, 593, 733 P.2d 507 (1987), analogy to standards established for certificated employees is appropriate. Under this analysis, the question becomes whether the classified employee has so materially breached his employment promise as to excuse the school district in its promise to employ. *Clarke v. Shoreline Sch. Dist. 412,* 106 Wn.2d 102, 113–14, 720 P.2d 793 (1986); *Barnes v. Seattle Sch. Dist. 1,* 88 Wn.2d 483, 487, 563 P.2d 199 (1977); *Francisco v. Board of Directors,* 85 Wn.2d 575, 580, 537 P.2d 789 (1975). More particularly, again borrowing from certificated case law, the test would be applied in the following manner: sufficient cause for discharge exists as a matter of law where the deficiency is unremediable and (1) materially and substantially affects performance, *Hoagland v. Mount Vernon Sch. Dist. 320,* 95 Wn.2d 424, 428, 623 P.2d 1156 (1981), *or* (2) lacks any positive aspect or legitimate professional purpose. *See Clarke,* 106 Wn.2d at 113–14.

The parameters of superior court review are defined by the causes specified by the school board. *Wojt v. Chimacum Sch. Dist. 49,* 9 Wn. App. 857, 860, 516 P.2d 1099 (1973). Although *Wojt* involved the interpretation of a statute applicable only to certificated employees, RCW 28A.58.515, the rule is likewise applicable to noncertificated employees. Mr. Butler refers us to two provisions of WAC 392–145–020:

> (4) School bus drivers shall have the primary responsibility for the safety of passengers while they are boarding

the bus, while they are on the bus, and while they are disembarking the bus and crossing the roadway. . . . The driver shall take reasonable action to assure that passengers boarding or disembarking from the bus are within his/her view at all times and that they pass in front of the bus and never behind the bus.

(5) No school bus driver except in accordance with emergency procedures adopted by the district shall leave the immediate vicinity of his/her bus while there are passengers aboard.

He argues the notice of discharge limited the scope of inquiry to subsection (5), involving leaving the immediate vicinity of the bus, and that evidence at trial concerning subsection (4) regarding passengers boarding outside of his view was impermissible under *Wojt*.

On the contrary, as was the case in *Wojt*, the notice of discharge provided broad parameters, citing WAC 392–145–020 in general, and spoke in terms of leaving the bus unattended, as well as leaving the immediate vicinity. Mr. Butler was not prejudiced. At trial he was able to submit evidence that the passengers boarding the bus on September 13 were out of his view only for a brief moment while they were climbing the stairs of the bus.[3]

Mr. Butler next asserts the trial court erred in concluding his conduct violated WAC 392–145–020. As discussed above, WAC 392–145–020(4) requires bus drivers to take reasonable action to ensure that passengers boarding or disembarking buses are within their view at all times. Subsection (5) prohibits the driver from leaving the immediately vicinity of the bus while passengers are aboard. Contrary to Mr. Butler's contention, both subsections apply to loading situations either at or away from school. The facts are undisputed that on Friday, September 13, Mr. Butler was visiting with his immediate supervisor, Mr. Stearns, at Mr. Stearns' bus. The students boarding Mr. Butler's bus were substantially in his vision except for a

---

[3]Mr. Butler admitted he was in the principal's office on September 16, and could not see the boarding from his vantage point.

brief period of time between when they alighted the stairs and reached the top when they became visible again. His conduct substantially complied with both subsection (4) and subsection (5).

On Monday, September 16, a similar incident occurred, but this time Mr. Butler was in the principal's office where he admitted he could not see students boarding the bus. However, he testified the students were aware of his policy prohibiting their boarding in his absence. Because subsection (4) states that school bus drivers shall have "primary responsibility for the safety of passengers while they are boarding the bus, while they are on the bus, and while they are disembarking the bus . . .", Mr. Butler's rule prohibiting students boarding in his absence is consistent with the regulation requiring boarding students to be in his view at all times. The problem here was, as the trial court noted, failure to enforce his personal rule and inappropriate subsequent contact with the students, not necessarily a violation of WAC.

Mr. Butler further alleges that it was error for the trial court to consider past incidents 2 and 3 years old as additional causes for discharge. We agree. Because of their dissimilarity and remoteness and because of the evidence those deficiencies had been remedied, they should not have been considered as a basis for discharge. *See Hoagland v. Mount Vernon Sch. Dist. 320, supra* (proof of past crime not sufficient in itself to demonstrate present and future performance). *See also Sargent v. Selah Sch. Dist. 119,* 23 Wn. App. 916, 923, 599 P.2d 25 (prior incidents over a 6–year period were properly considered only where part of a continuing pattern of deficiency), *review denied,* 92 Wn.2d 1038 (1979).

Finally we determine whether substantial evidence supports the finding that Mr. Butler failed to respond appropriately to the school district's safety violation concerns. Finding of fact 8 reads: "Mr. Butler failed to properly respond with remedial action to the safety violation concerns of the school district and did not accept responsibility

for his own actions." Conclusion of law 9 states: "Mr. Butler failed to respond appropriately to discipline and to rectify concerns regarding repeated safety violations." Mr. Butler essentially admitted the original incident of December 1982 in which he made two bus trips with a tire that was not properly inflated. In February 1983, Mr. Butler admitted leaving a bus running and unattended with children on board. Both of these incidents, as we previously noted, had been apparently remedied, according to testimony from the district officials. As to the incidents on September 13 and 16, 1985, in light of Mr. Butler's submitted evidence that during the course of his employment with the district he had, albeit gratuitously, been called upon to assume other duties requiring him to be away from his bus, such as monitoring P.E. lockers and delivering school equipment, we conclude he should have been given an opportunity to remedy the asserted violations. The trial court erred in ruling Mr. Butler failed to respond to the district's concerns. Upon review of the entire record, we conclude Mr. Butler's overall conduct, although inappropriate in many respects, did not constitute a material breach amounting to justifiable cause for discharge.

The preceding analysis renders moot a determination of whether the choice of discharge as a sanction was arbitrary and capricious.

Reversed.

McINTURFF, C.J., and MUNSON, J., concur.

Reconsideration denied December 20, 1987.

Review granted by Supreme Court April 5, 1988.