[No. 42946.    En Banc.    May 2, 1974.]

Enrique Galvan, *Petitioner*, v. Prosser Packers, Inc., *et al.*, *Respondents*.

*Critchlow, Williams, Ryals & Schuster,* by *Eugene G. Schuster,* and *David Williams,* for petitioner.

*Loney, Westland & Raekes,* by *Diehl R. Rettig,* for respondent Prosser Packers, Inc.

*Gavin, Robinson, Kendrick, Redman & Mays* and *William Mays,* for respondent FMC Corporation.

Utter, J.—Enrique Galvan brought an action against Food Machinery Corporation (FMC) and Prosser Packers, Inc., as a result of personal injuries he sustained. He appeals from a jury verdict for both defendants. The Court of Appeals affirmed the verdict for the defendants in an unpub-

lished opinion. A petition for review of the Court of Appeals opinion was granted on the single issue whether the trial court's instruction relating to the issue of foreseeability as an element of strict liability was proper. We hold the instruction was improper and reverse the trial court as to FMC.

In Galvan's action against Prosser Packers, Inc., he claimed they were negligent in failing to provide him a safe place to work and in failing to properly maintain the corn harvester upon which Galvan received his injuries. The assignment of error to the court's instruction on foreseeability, however, relates only to FMC and we, therefore, must affirm the verdict insofar as Prosser Packers, Inc., is concerned.

Prosser Packers, Inc., hired petitioner to operate a corn harvesting machine, manufactured by FMC, during the harvesting season in 1968. Petitioner is a 53-year-old man who has worked the major part of his life as a farm laborer. The corn harvester is mounted on a tractor and operated by the tractor's power takeoff and consists of two cutting heads which precede the front of the tractor. These harvest the ears of corn from the stalks. The corn is then transferred to the rear of the tractor by two covered longitudinal augers on each side of the tractor. As the corn approaches the rear of the tractor, it falls down onto a cross-auger at the rear of the tractor at a 90° angle to the two side augers. The cross-auger is unguarded to allow the corn to drop into it. The cross-auger transports the ears of corn to a belt which carries them to a trailer pulled by the tractor.

Petitioner claims his injury occurred when he stopped the tractor to investigate some smoking gears located below the operator's seat. He failed to stop the movement of the augers, however, and when he stood on the driver's seat of the tractor he claimed he slipped and fell backward, catching his foot in the open rear cross-auger.

Petitioner's case against FMC was tried on a theory that the open cross-auger rendered the machine defective and

unreasonably dangerous, that the defect caused the injury and that FMC is strictly liable for the injuries. The instruction complained of is that portion of the trial court's instruction No. 4, which reads:

When we say that an act or omission must be a proximate cause of an injury, we mean that the injury must be the natural and probable consequence of the act or omission and one which might have been foreseen by a man of ordinary prudence and intelligence, though not necessarily in the precise form in which it occurred.

Petitioner excepted to that portion of the instruction on the ground that foreseeability was not an element of FMC's defense and that the instruction, as given, would incorrectly allow FMC to argue foreseeability in regard to the accident and to use the instruction to argue that petitioner's claim against FMC was one of ordinary negligence. The pertinent part of the exception to the instruction was:

I feel that this permits the defendant, Food Machinery Corporation to argue that "well, how would we ever know this guy would fall into that machine?" Now, this isn't an element of our proof, and it's not an element of their defense. It's simply in there, and to permit them to argue that, and they could do that very effectively— "how in the world would we ever know this guy would do something like this? We can't foresee it, and the law doesn't impose the burden on us to foresee it, because it says "one that might have been foreseen by a man of ordinary prudence***", and we feel it is highly prejudicial to our theory as against FMC . . .

■ Our consideration of the claimed error in the instruction is limited to those issues specifically raised by the exception. CR 51(f); *State v. Scott*, 77 Wn.2d 246, 461 P.2d 338 (1969). We will, therefore, only consider the question whether and to what extent foreseeability was an element of FMC's defense to a claim of strict liability and whether instruction No. 4 erroneously instructed the jury on that issue.

The jury was instructed on all elements of strict

liability.[1] Instruction No. 4A, however, tells the jury in part that the plaintiff has the burden of proving that the defective condition was "proximate cause of the injury." The only definition of proximate cause in the trial court's instructions was in that part of instruction No. 4, set out above, which was objected to by plaintiff.

▮ Instruction No. 4 defines foreseeability in the context of strict liability in too broad a sense. We have discussed foreseeability in terms of the liability of a manufacturer for defects which create an unreasonable risk of harm. *Ulmer v. Ford Motor Co.,* 75 Wn.2d 522, 452 P.2d 729 (1969). At page 534, note 7, we noted, "Foreseeability would be a factor in determining whether the alleged defect created an unreasonable risk of harm . . ." The nature of foreseeability referred to here is a foreseeability of use of the

---

[1] Instruction No. 4A:

"Any party claiming that a product is in a defective condition unreasonably dangerous to the user or consumer, has the burden of proving by a fair preponderance of the evidence such defective condition, and that such defective condition was a proximate cause of the injury and damage claimed.

"Any party claiming that a person voluntarily and unreasonably exposed himself to the danger has the burden of proving by a fair preponderance of the evidence such voluntary and unreasonable exposure, and that such voluntary and unreasonable exposure was a proximate cause of the injury and damage claimed."

Instruction No. 6:

"You are instructed that:

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is liable for physical harm thereby caused to the ultimate user or consumer, if (a) the seller is engaged in the business of selling such a product, and (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

"(2) The rule stated in Paragraph (1) applies although (a) the seller has exercised all possible care in the preparation and sale of his product, and (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."

Instruction No. 7:

"When the term 'unreasonably dangerous' is used in these instructions, it means an article which, when it left the control of the defendant, was dangerous in a way or to an extent beyond that which would be contemplated by the ordinary user with the degree of knowledge about the article that the ordinarily prudent person would have."

product. As noted in 2 L. Frumer and M. Friedman, *Products Liability*, ch. 3, § 16A, at 297 (1973), "it is a general proposition that a plaintiff, to recover in strict liability in tort, must establish that the product proved defective, and the injury occurred when it was used in a foreseeable manner. In other words, foreseeable use is a requirement for a case in strict liability in tort . . ."

The plaintiff in this case was using the corn harvester in a foreseeable manner by hauling it with the tractor. We agree with Dean Prosser that the duty of the manufacturer is to design a product that is reasonably safe for its intended use and for other uses which are foreseeably probable. *See* W. Prosser, *Torts* § 96, at 645 (4th ed. 1971). It is in this sense that the issue of foreseeability is properly a part of this products liability case. The instruction to the jury did not adequately focus the jurors' attention on this aspect of foreseeability. The remaining instructions fail to properly inform the jury of this aspect of foreseeability.

Petitioner's exception was sufficiently specific to inform the trial judge of the nature of the error in the instruction. That error went to a central issue in the case. We have not reversed where we believed the instructions could be considered, as a whole, to correctly state the law. *Patterson v. Krogh*, 51 Wn.2d 73, 316 P.2d 103 (1957). Where, however, the error is such that the instructions are inconsistent or contradictory on a given material point, the use is prejudicial for the reason that it is impossible to know what effect they may have on the verdict. *Hall v. Corporation of Catholic Archbishop*, 80 Wn.2d 797, 498 P.2d 844 (1972).

The verdict insofar as it relates to FMC is reversed.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, WRIGHT, and BRACHTENBACH, JJ., concur.