[No. 5143–5–II.   Division Two.   May 11, 1982.]

VERL POTTER, *Appellant,* v. KALAMA PUBLIC
SCHOOL DISTRICT NO. 402, *Respondent.*

*Odine H. Husemoen,* for appellant.

*Dennis R. Duggan,* for respondent.

Worswick, J.—An elementary school teacher appeals a superior court order affirming his discharge from employment. He claims the discharge was improper because the conduct causing it was within the purview of RCW 28A.67-.065, which governs the correction of remedial teaching deficiencies, and that the school district had not complied with that statute. We affirm, holding that RCW 28A.67.065 does not apply and that there was sufficient cause for the discharge.

The facts are undisputed. The teacher was employed as a fourth grade teacher at Kalama Elementary School. During the fall of 1978, an incident, in which he placed his hand in a caressing manner on the knee of one of his female students, came to the attention of the principal. The principal confronted him and made it clear that this type of conduct was inappropriate. The teacher acknowledged the incident and indicated that he would try to be sure it did not happen again. On June 6, 1979, he blew a kiss to one of his female students and told her not to tell anyone. She told her mother who told the principal. The incident was discussed with the teacher and he was later informed by letter from the superintendent that he would be on probation during the following year. He was warned in the letter that any similar incidents might result in more severe disciplinary action and possibly discharge.

On February 27, 1980, he lifted the dress of a girl in his class a few inches, allegedly to look at a bruise on her knee. When the girl's parent complained, the principal and superintendent investigated, discovered that the teacher's inappropriate physical contact with young female students had reoccurred regularly and discharged him.

The teacher's initial appeal was heard by a hearing officer. At the hearing, seven girls testified that he had placed his hand on their legs, in most cases repeatedly. In many cases the hand had not remained stationary but had moved in a rubbing or caressing fashion. Most of the girls were bothered by having a male teacher rubbing their leg. He apparently never placed his hand on the leg of any male student. The girl involved in the dress lifting incident testified that the dress had only been raised an inch or two because she would not let it go any further, but the bruise on her knee could have been examined without lifting the dress at all. The principal and the superintendent both testified as to the reaction from the students' parents and the community and stated their professional opinions that the teacher's ability to perform his teaching assignments was substantially impaired. The teacher offered no substantial evidence contradicting the testimony. The hearing officer concluded that the teacher's conduct was not within RCW 28A.67.065 and did constitute sufficient cause for discharge. The Superior Court affirmed.

■ As the issues involve only questions of law, we have conducted our own independent review of the record in making our determination. *Cf. Adams v. Clover Park School Dist. 400*, 29 Wn. App. 523, 629 P.2d 1336 (1981).[1]

■■ RCW 28A.58.100 is applicable. It provides:

Hiring and discharging employees— . . . Every board of directors, unless otherwise specially provided by law, shall:

(1) Employ for not more than one year, and for sufficient cause discharge all certificated and noncertificated employees; . . .

The requisite cause[2] for discharge, although not defined in

---

[1]RCW 28A.58.480 sets forth standards of review in teacher discharge cases. It has been discussed, insofar as how it affects our review here, in *Adams v. Clover Park School Dist. 400, supra,* and *Sargent v. Selah School Dist. 119,* 23 Wn. App. 916, 599 P.2d 25 (1979).

[2]RCW 28A.58.450, the correlative notice statute uses the term "probable cause." "Sufficient cause" and "probable cause" are used interchangeably in the

the statute, has been interpreted to mean conduct which materially and substantially affects the teacher's performance. *Hoagland v. Mount Vernon School Dist. 320,* 95 Wn.2d 424, 623 P.2d 1156 (1981). The key is impairment of teaching performance. Our Supreme Court, in *Hoagland,* held that this is a question of fact and adopted the following factors to be considered in determining whether, factually any given conduct constitutes sufficient cause for discharge: (1) the age and maturity of the students; (2) the likelihood the teacher's conduct will have adversely affected students or other teachers; (3) the degree of the anticipated adversity; (4) the proximity or remoteness in time of the conduct; (5) the extenuating or aggravating circumstances surrounding the conduct; (6) the likelihood that the conduct may be repeated; (7) the motives underlying the conduct; and (8) whether the conduct will have a chilling effect on the rights of the teachers involved or other teachers.

Measured by these criteria, the undisputed facts here overwhelmingly suffice as cause for discharge. The fourth grade girls were justifiably bothered, their parents had reacted negatively and community sentiment was similar and strongly felt. The conduct was ongoing. The teacher was warned and later placed on probation but persisted in his behavior with no sign of improvement. We perceive no right of any teacher which may be chilled by discharge for conduct of this nature after the apparent failure of progressive discipline.

The teacher asserts that the reasons for his firing are remedial teaching deficiencies falling within the purview of RCW 28A.67.065. He argues that his discharge was improper because the statutory requirement of a written program for improvement and evaluation was not met.

█ RCW 28A.67.065 contemplates the establishment of substantive and procedural rights with respect to the eval-

cases. *See Hoagland v. Mount Vernon School Dist. 320,* 95 Wn.2d 424, 623 P.2d 1156 (1981).

uation of the work of certificated school employees and the improvement of stated deficiencies. It modifies the scope of "sufficient cause" for discharge, insofar as it pertains to those causes that come within its terms. *Wojt v. Chimacum School Dist. 49,* 9 Wn. App. 857, 516 P.2d 1099 (1973). The statute deals with the ongoing evaluation of classroom teaching in the following categories: instructional skill; classroom management; professional preparation and scholarship; effort toward improvement when needed; the handling of student discipline and attendant problems; and interest in teaching pupils and knowledge of subject matter. A school district may not discharge a teacher for deficiencies in teaching and classroom related performance without first establishing a program for the teacher's evaluation and improvement. For example, a school district may not discharge a teacher due to the breakdown of classroom discipline and a failure to conform to reasonable administrative policies respecting grading and teaching methods unless the statutory procedure for the improvement of work related deficiencies has been tried and has failed. *Wojt v. Chimacum School Dist. 49, supra.*

The statute is not concerned with conduct which does not have any positive educational aspect or legitimate professional purpose. *See Pryse v. Yakima School Dist. 7,* 30 Wn. App. 16, 632 P.2d 60 (1981).

There is an obvious distinction between conduct which is involved with the professional qualities of teaching, and is therefore within the purview of RCW 28A.67.065, and conduct of the kind involved here. There was no legitimate professional purpose in this teacher's physical contact with his female students. We hold that the teacher's dismissal was for sufficient cause and that RCW 28A.67.065 does not apply.

Affirmed.

REED, C.J., and PETRICH, J., concur.