[No. 6095–1–III.   Division Three.   February 14, 1985.]

GREGORY MOTT, *Appellant,* v. ENDICOTT SCHOOL
DISTRICT NO. 308, *Respondent.*

*William J. Powell* and *Powell & Morris,* for appellant.

*Charles D. Williams* and *Williams & Terry,* for respondent.

McINTURFF, J.—Gregory Mott appeals a superior court judgment which affirmed in part and reversed in part a hearing officer's determination that Endicott School District had sufficient cause to dismiss him from his teaching position. We reverse the Superior Court and a portion of

the hearing officer's decision, and order Mr. Mott reinstated.

Mr. Mott graduated cum laude from Washington State University with a major in mathematics and co–minors in social science, music and science. In 1979, the District employed him as a full–time teacher. Up until January 1982, Mr. Mott's teaching evaluations were generally good. Then, in the middle of his third year he was placed on probation for, *inter alia*, unsatisfactory performance in handling student discipline and attendant problems.

The superintendent's letter notifying Mr. Mott of his probationary status specified:

> You have not adequately established parameters for student "in–classroom" conduct and made these expectations known to students. You have not demonstrated that you assist students toward self–discipline and acceptable standards of student behavior.

The letter incorporated Principal Audrian Fowler's observation and evaluation report which, in terms of discipline, focused on Mr. Mott's band classes where she observed students using their band instruments and making inappropriate comments while Mr. Mott was talking. *This evaluation affirmatively stated that Mr. Mott "resolves discipline problems in accordance with law, school board policy and administrative regulations."* (Italics ours.)

Principal Fowler stated she would have recommended that the superintendent remove Mr. Mott from probation at the end of the school year save for the reports she received from four students on April 22, 1982. In summary, J.S., D.S. and S.W. alleged Mr. Mott disciplined them by striking them in the testicles at a band party held in Mr. Mott's home in March 1982. S.W. further alleged Mr. Mott struck him in the same area the night of the band concert, April 21, again in the context of disciplinary action for misconduct. Finally, D.S. and D.B. told of separate incidents at the beginning of the school year in which Mr. Mott struck them in the testicles for being rowdy in band. In the past, the District had experienced discipline problems with all

four boys. However, Mr. Mott had been able to develop and maintain a close relationship with J.S., D.S. and D.B.

When initially confronted, Mr. Mott said the touchings could have occurred while he was wrestling with the boys. However, when advised that all four boys stated he struck them in an attempt at discipline, he denied their allegations. School board policy prescribes certain conditions for the administration of corporal punishment:

Corporal punishment of a moderate and reasonable nature may be administered only with the consent of the building principal and it shall be administered only by a certificated person in the presence of and witnessed by another certificated person. Any teacher who has administered such punishment shall promptly notify, by telephone or by letter, the parent or guardian of the child stating the situation which led to the punishment.

The Board of Directors met the day the boys registered their complaints, and suspended Mr. Mott pending an investigation. S.W.'s father attended the meeting and threatened to call the sheriff on the charges.

By letter dated May 12, 1982, the school superintendent notified Mr. Mott of his determination that probable cause existed (1) to nonrenew his contract, and (2) for discharge. The superintendent specifically noted:

1. Your failure to satisfactorily complete the probationary period established on January 29, 1982 (said failure being a failure to provide and maintain proper perameters [sic] for student conduct in your handling of student discipline problems).

2. Your holding an unauthorized party at your home for your band students, contrary to school district policy.

3. Your striking of students [S.W., J.S. and D.S.] at that party.

4. Your striking of [D.B.] at school.

5. Your striking of [S.W.] at the Band Concert.

6. Your failure to reasonably report either [S.W.'s] or your inappropriate behavior at that Band Concert.

7. Your discussion of discipline problems you had in relation to [S.W.] with the entire band.

He concluded:

To the extent that these causes are seen as remediable teaching deficiencies, you have been given an opportunity to remediate them, and have not done so. To the extent that these causes may not be remediable teaching deficiencies, they constitute cause for discharge.

Pursuant to RCW 28A.58.450, Mr. Mott requested a hearing to determine sufficient cause. The hearing officer found that the alleged strikings, in the nature of light taps, occurred, that Mr. Mott's conduct was unprofessional, that the conduct constituted a remediable deficiency, but that it would be impossible for the District to provide probation. He reasoned that because of the District's small size, Mr. Mott's presence in the school would result in frequent contact with the four boys and that "[t]his contact could not be prevented without disrupting the educational duties of the District." Hence, he concluded the District had established sufficient cause to discharge Mr. Mott.

On the other hand, the hearing examiner concluded the District had failed to establish sufficient cause for nonrenewal. He found the original January 1982 notice of probationary status did not cite violation of the District's policy on corporal punishment as a reason for the probation and that the evidence demonstrated Mr. Mott had improved to the satisfaction of the principal in the cited areas.

Mr. Mott appealed to Superior Court, which held the District had sufficient cause both to nonrenew and discharge Mr. Mott. According to the court, Mr. Mott's earlier probation for disciplinary shortcomings was broad enough to include the strikings. As to the issue of sufficient cause for discharge, the Superior Court stated in its memorandum opinion:

Striking students in the groin area, even though apparently done with fairly light force, seems to the court to fall within the category of unacceptable professional conduct of a *nonremediable* nature.

(Italics ours.)

First, Mr. Mott contends the District did not prove by a preponderance of the evidence that he intentionally struck

the four boys for disciplinary reasons. In his view, the boys' uncorroborated testimony was insufficient to satisfy the broader and more intensive review of an agency's factual determinations. We disagree.

RCW 28A.58.455(8) provides that the hearing examiner's decision to nonrenew or discharge shall be established by a preponderance of the evidence at the hearing. Review of the hearing examiner's decision is conducted on the entire record.

> [T]he reviewing court can declare a finding to be clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."

*Franklin Cy. Sheriff's Office v. Sellers,* 97 Wn.2d 317, 324, 646 P.2d 113 (1982) (quoting *Ancheta v. Daly,* 77 Wn.2d 255, 259–60, 461 P.2d 531 (1969)), *cert. denied,* 459 U.S. 1106 (1983).

The hearing examiner's findings that Mr. Mott struck the four boys for disciplinary purposes are not clearly erroneous. Each boy originally gave a separate, handwritten statement to the Principal describing the particular incident in which Mr. Mott struck them. Their statements at trial were consistent with these handwritten statements. While it is true they came to the Principal in a group and at the request of S.W., who had just had a confrontation with Mr. Mott, these circumstances do not lead to the single conclusion that the boys concocted their stories. After reviewing the entire record, we are not left with a "definite and firm conviction that a mistake has been committed." *Franklin Cy.*

Second, Mr. Mott asserts the court erred when it held (1) his actions constituted unacceptable professional conduct of a nonremediable nature, and (2) his prior probation was broad enough to include the misconduct in question. We agree with Mr. Mott.

RCW 28A.67.065 provides in part:

> Every employee whose work is judged unsatisfactory based on district evaluation criteria [which include classroom management and handling of student discipline and attendant problems as categories for evaluation] shall be notified in writing of stated specific areas of deficiencies along with a suggested specific and reasonable program for improvement . . . A probationary period shall be established . . .

It has been held that

> conduct . . . which can fairly be characterized as *remediable teaching deficiencies* fall[s] within the purview of the statute [RCW 28A.67.065], and cannot constitute "sufficient cause" for discharge unless its notice and probationary procedures are complied with.

*Wojt v. Chimacum Sch. Dist. 49,* 9 Wn. App. 857, 862, 516 P.2d 1099 (1973). Nevertheless, probation is not required where the record evidences a pattern of teacher conduct which continues following reprimands and/or probationary periods, *Sargent v. Selah Sch. Dist. 119,* 23 Wn. App. 916, 925, 599 P.2d 25 (1979), or where the conduct has no legitimate professional purpose and is inherently harmful to the student–teacher relationship. *Potter v. Kalama Pub. Sch. Dist. 402,* 31 Wn. App. 838, 842, 644 P.2d 1229 (1982); *Pryse v. Yakima Sch. Dist. 7,* 30 Wn. App. 16, 24, 632 P.2d 60 (1981); *Coupeville Sch. Dist. 204 v. Vivian,* 36 Wn. App. 728, 730, 677 P.2d 192 (1984).

We hold the misconduct here constituted a remediable teaching deficiency. Mr. Mott was motivated by a proper disciplinary purpose; only his method of administering the discipline was deficient. Deficiencies in methodology can be remedied by a program for improvement during a probationary period as provided in RCW 28A.67.065.

Nor do the strikings fall within the exceptions to the requirement of probation set forth in *Sargent, Potter,* and *Pryse.* One, the boys' testimony was that Mr. Mott acted in a disciplinary context. The "light taps" they describe are not of an exploitive or abusive nature so as to suggest inherent harm to the teacher–student relationship. Moreover, nothing in the record indicates the incidents had sex-

ual overtones. Two, the evidence does not indicate a pattern of misconduct continuing despite warnings by the District. While Mr. Mott's prior probation generally cited his handling of student discipline, it specifically noted he resolved discipline problems in accordance with law and school policy.

Consequently, we hold the School District failed to establish sufficient cause for either the discharge or nonrenewal of Mr. Mott.[1]

This holding necessitates our review of the hearing examiner's decision that it would be impossible for the District to provide a period of probation for Mr. Mott. The examiner's finding that it would be difficult to employ Mr. Mott in a teaching position without bringing him into contact with the four boys is supported by the record. However, his underlying rationale that such contact would be harmful is not. In fact, three of the four boys stated that they had maintained a good relationship with Mr. Mott, despite the fact that they had presented disciplinary problems to him in the past. Thus, no valid reason exists for denying Mr. Mott probation.

The judgment of the Superior Court is reversed; Mr. Mott is reinstated to his teaching position; and the case is remanded to Superior Court for determination of damages and of reasonable attorney fees under RCW 28A.58.490.

GREEN, C.J., and THOMPSON, J., concur.

Review granted by Supreme Court May 10, 1985.

---

[1]Nor do the other items cited in the superintendent's nonrenewal/discharge letter amount to sufficient cause. See hearing examiner's conclusion of law 6, which is supported by his findings and the evidence.