[No. 51541–7.   En Banc.   January 30, 1986.]

GREGORY MOTT, *Respondent,* v. ENDICOTT SCHOOL DISTRICT No. 308, *Petitioner.*

*Williams & Terry*, by *John David Terry II* and *Charles Williams*, for petitioner.

*William J. Powell*, for respondent.

ANDERSEN, J.—

## FACTS OF CASE

The petitioner herein, Endicott School District, discharged schoolteacher Gregory Mott for striking students in their genitals. The Court of Appeals ordered reinstatement, holding that Mott's conduct was a remediable teaching deficiency.[1] We granted discretionary review and reverse the Court of Appeals.

In 1979, the District hired Mr. Mott to teach at Endicott School, a small school covering grades K through 12 with an enrollment of under 100 students. During the 1981–82 school year, he taught a number of courses including two band classes. On January 21 and 26, 1982, the school's principal twice observed and evaluated Mott's classes.

Based on these evaluations, the district superintendent on January 29, 1982 gave notice to Mott that he would be placed on probation from February 1, 1982 to May 1, 1982. Mott's work was judged to be unsatisfactory in five categories, including "classroom management" and "handling of student discipline and attendant problems". The superintendent outlined a program for improvement that Mott was to follow during his probation.

The principal was impressed with Mott's progress and would have recommended that the superintendent remove Mott from probation except for reports she received from four students on April 21, 1982, alleging that Mott had struck each of them in the genital area. The Board of Directors met on the day the boys made their complaints to the principal and suspended Mott pending an investiga-

---

[1]*Mott v. Endicott Sch. Dist. 308*, 39 Wn. App. 792, 695 P.2d 1010 (1985).

tion. The father of one of the boys attended the Board meeting and threatened to call the sheriff regarding the charges against Mott. On May 12, 1982, the superintendent informed Mott he would be discharged and that his contract for the next year would not be renewed. The reasons the superintendent listed included Mott's failure to successfully complete probation and his striking of the students as he did.

Pursuant to statute,[2] Mott requested a hearing to determine whether there was sufficient cause for discharge. The hearing examiner found that at a band party at Mott's house on March 26, 1982, Mott

> came into physical contact with [three students]. The physical contact including the striking of the boys by the teacher in the groin area . . . in such a way as to be felt in the testicles. This touching was not in anger and in severity was a light tap and did not inflict lasting pain other than the immediate sensation at the time of contact.

The boys Mott struck were of junior high and high school age.

The hearing examiner found that Mott had also struck a student in the genital area at a band concert on April 20, 1982 and that Mott had similarly struck two other students earlier in the 1981–82 school year. The examiner found that the earlier two strikings had been done for disciplinary purposes, but no similar findings were made concerning the March 26 and April 20, 1982 strikings.

The examiner concluded that the District did not establish sufficient cause not to renew Mott's contract for failure to fulfill the terms of his January 29, 1982 probation notice, because that notice did not cite improper use of corporal punishment as the reason for the probation, and because Mott had demonstrated satisfactory improvement in the disciplinary areas specifically detailed in the probation notice. However, the examiner did conclude that the strik-

---

[2]RCW 28A.58.450.

ings constituted unacceptable professional conduct which materially and substantially affected Mott's teaching performance, and which adversely affected the educational interests of the school district. He further found that Mott's conduct was a remediable deficiency, but that due to the small size of the school district, it would be impossible to place Mott on probation without having him come into frequent contact with the boys whom he had struck as he did. The examiner found that such contact would be detrimental to the school district and, therefore, was sufficient cause for discharge.

The Superior Court affirmed in part, holding that the District had sufficient cause both not to renew and to discharge Mott. The court found that Mott had violated the terms of his earlier probation for disciplinary shortcomings, and further found that Mott's striking of the students was nonremediable in nature.

The Court of Appeals reversed, holding that Mott was entitled to reinstatement.[3] It held that Mott's conduct was a "remediable teaching deficiency" within the ambit of *Wojt v. Chimacum Sch. Dist. 49*, 9 Wn. App. 857, 516 P.2d 1099 (1973), and that Mott was therefore entitled to probation.[4]

One issue is determinative.

## ISSUE

Does a teacher's intentional striking of students' genitals constitute sufficient cause for discharge?

## DECISION

CONCLUSION. A schoolteacher has no right to intentionally strike students in their genitals and to repeatedly do so is sufficient cause for discharge. Such conduct by a teacher does not constitute a "remediable teaching deficiency".

█ State statutes authorize discharge or nonrenewal of

---

[3]*Mott v. Endicott Sch. Dist. 308, supra.*

[4]*See* RCW 28A.67.065.

a teacher upon a showing of sufficient cause.[5] In *Hoagland v. Mount Vernon Sch. Dist. 320,* 95 Wn.2d 424, 428, 623 P.2d 1156 (1981), we held that

> [s]ufficient cause, though not statutorily defined, has been interpreted to mean a showing of conduct which materially and substantially affects the teacher's performance.

We also observed therein that, in some instances, teacher misconduct can be so egregious that the sufficient cause determination can be made as a matter of law. *Hoagland,* at 428. In other cases the Court of Appeals has upheld teacher dismissals where the conduct at issue lacked "any positive educational aspect or legitimate professional purpose", *Pryse v. Yakima Sch. Dist. 7,* 30 Wn. App. 16, 24, 632 P.2d 60 (1981) (sexually suggestive comments and actions directed toward female students); *Potter v. Kalama Pub. Sch. Dist. 402,* 31 Wn. App. 838, 842, 644 P.2d 1229 (1982) (improper physical contact with female students).

Although there was no finding herein that Mott's conduct was sexually motivated, we nevertheless hold that a teacher's intentional striking of a student's genitals lacks any positive educational aspect or legitimate professional purpose. Mr. Mott's repeated strikings of his students in the genitals constitute sufficient cause for discharge.

He argues that, nonetheless, his conduct falls within the scope of RCW 28A.67.065 and is thus a "remediable teaching deficiency". *See Wojt,* at 862. We disagree.

That statute requires school districts to establish evaluative criteria in several teaching areas, including "the handling of student discipline and attendant problems". If a teacher is judged to be deficient in any of the designated areas, the district is to place the teacher on probation to give the teacher an opportunity to correct the designated shortcomings. *Wojt* held that the probation statute applies to all "remediable teaching deficiencies" within its purview.

We first note that, contrary to the assumptions of both

---

[5]RCW 28A.58.450; RCW 28A.67.070.

the Court of Appeals and the Superior Court, the hearing examiner specifically found that only two of the genital striking incidents were disciplinary in nature. The examiner made no such finding regarding the March 26 and April 20, 1982 strikings. But even if the strikings were deemed disciplinary, such misconduct is not a "student discipline" or "attendant problem" within the purview of the statute requiring probation.[6]

Nor do we agree that the District's failure to instruct Mott not to engage in this precise conduct renders a further probationary period necessary. Since he was already on probation for his "handling of student discipline and attendant problems", the terms of the probation were sufficiently broad to encompass the strikings that occurred. In any event, the striking of students in the genitals, for whatever reason, is so patently unacceptable that the school district was entitled to discharge the teacher for his actions in this case regardless of prior warnings.

Having resolved the principal issue of the case on the basis stated, it is unnecessary to address Mr. Mott's remaining contentions. Specifically, since we have concluded that there was sufficient cause to discharge, the nonrenewal issue is moot.

The Court of Appeals is reversed.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, DORE, PEARSON, CALLOW, GOODLOE, and DURHAM, JJ., concur.