[No. 15415-7-III.    Division Three.    June 19, 1997.]

GALEN WOLF, ET AL., *Appellants*, v. COLUMBIA SCHOOL
DISTRICT No. 400, *Respondent*.

*Eric T. Nordlof* of *Public School Employees of Washington*, for appellants.

*Erika Balazs* and *Lukins & Annis, P.S.*; *Tom Scribner* and *Minnick-Hayner, P.S.*; and *Gerald J. Moberg* and *Moberg Law Firm*, for respondent.

KURTZ, J. — Galen Wolf appeals a jury verdict holding he was properly discharged, contending the trial court erred in its jury instruction and in excluding certain evidence. We affirm.

## FACTS

The parties do not dispute the basic facts. Galen Wolf was employed as a custodian and maintenance worker by Columbia School District Number 400 (the District) from Spring 1992 until his discharge in May 1994. As a custodian, Mr. Wolf was classified as an "uncertificated employee."

In January 1994, the District adopted Policy Number 4315 (the Policy) prohibiting the possession of dangerous weapons on school grounds. Mr. Wolf was aware that a no-weapons policy had been adopted at the school. In fact, Mr. Wolf put up several of the signs in the school yard that said "Drug Free/Gun Free School Zone." Mr. Wolf did not receive any training or instruction from his superiors regarding the Policy.

In May 1994, while Mr. Wolf was on duty in the District's maintenance facility, his uncle Gene Wolf appeared unannounced at the facility with an inoperative Crossman 760 air rifle, or "BB gun." Gene requested Galen inspect and repair the rifle. Galen repaired the gun, then test-fired the rifle a few times at a large deer target erected against the rear wall of the maintenance facility. This took place at approximately 4:30 P.M. At that time,

several people were outside the building, although it is not clear how close they stood to the building. A teacher heard the noise from the gun and reported the incident to the District's administrators. Galen Wolf was discharged after an investigation.

Mr. Wolf and the Public School Employees of Columbia, Burbank, challenged the discharge based on the collective bargaining agreement's justifiable cause for discharge provision. After exhausting the grievance procedure, Mr. Wolf filed an action in superior court and the matter was tried to a jury.

Prior to trial, the court ruled evidence of other employees' conduct involving guns that occurred prior to the adoption of the Policy was irrelevant and thus excluded. Subsequently, the jury found justifiable cause existed for discharging Mr. Wolf and judgment was entered accordingly. This appeal followed.

*Did the trial court err in instructing the jury regarding the test for discharge of a classified school employee as set forth in instruction number 12?*

Mr. Wolf contends the court's instruction number 12 inaccurately stated the standard to be applied to his discharge. As given to the jury, the court's instruction number 12 read:

> Just cause for discharge exists where the conduct complained of is; (1) unremediable and, (2) materially and substantially affects an employee's performance. Just cause also exists if the conduct complained of is so clearly unacceptable that it entitled the district to discharge the employee without regard to prior warning.
>
> If you find that the conduct of Galen Wolf was unremediable and materially and substantially affected his performance, or if you find that the conduct of Galen Wolf was remediable but was so clearly unacceptable that it entitled the district to discharge without regard to prior warning, then you must return a verdict against the plaintiff, Galen Wolf, and in favor of the defendant, Columbia School District.
>
> On the other hand, if you do not find either (1) ~~or~~ and (2)

above, or do not find the conduct was clearly unacceptable, then your verdict should be for plaintiff, Galen Wolf.

The District urges this court refuse to consider the alleged error in jury instructions because Mr. Wolf's objection was not properly specific. An appellate court may consider a claimed error in a jury instruction only if the appellant raised the specific issue by exception at trial. *Galvan v. Prosser Packers, Inc.*, 83 Wn.2d 690, 692, 521 P.2d 929 (1974). The trial court must have been sufficiently apprised of the alleged error to have been afforded an opportunity to correct the matter if necessary. *Estate of Ryder v. Kelly-Springfield Tire Co.*, 91 Wn.2d 111, 114, 587 P.2d 160, 16 A.L.R.4th 129 (1978). Here, Mr. Wolf indicated he objected to the instruction because it did not comport with the *Butler* case. *Butler v. Lamont Sch. Dist. No. 246*, 49 Wn. App. 709, 711 n.1, 745 P.2d 1308 (1987), *review granted*, 110 Wn.2d 1015, *dismissed*, 112 Wn.2d 1010 (1988). This objection along with the reference to the specific case was sufficient to apprise the trial court of the alleged error.

Additionally, the District argues this court should refuse to consider the alleged error because Mr. Wolf failed to comply with RAP 10.4(c) which requires Mr. Wolf to type the material portions of the jury instructions verbatim or include them by copy in the text or in an appendix to the brief. In his brief, Mr. Wolf clearly identifies the jury instructions by number to which he takes exception. This court will address the assignment of error because the issue is well framed by the record and briefing. *Lewis v. Estate of Lewis*, 45 Wn. App. 387, 389, 725 P.2d 644 (1986).

When reviewing a trial court's jury instructions, the court applies an abuse of discretion standard. *Herring v. Department of Soc. & Health Servs.*, 81 Wn. App. 1, 22, 914 P.2d 67 (1996). To be sufficient, jury instructions must accurately state the law, permit each side to argue its theory of the case, and not be misleading. *State v. Rice*, 110 Wn.2d 577, 603, 757 P.2d 889 (1988).

■ The standard for discharge of a unionized school district employee is generally governed by the collective bargaining agreement. *Butler*, 49 Wn. App. at 710-11. The collective bargaining agreement at issue requires "justifiable cause" for termination. RCW 28A.400.300(1) requires "sufficient cause" to discharge a school district employee. The terms "justifiable cause" and "sufficient cause" are deemed synonymous. *Butler*, 49 Wn. App. at 711 n.1.

■ ■ The definition of sufficient cause arises largely from cases involving the discharge of teachers. Prior to *Butler*, no articulated test was established to define just cause in the context of noncertificated school district employees. *Butler*, 49 Wn. App. at 713. Analogy to the standards established for certificated employee discharge is appropriate. *Butler*, 49 Wn. App. at 715. The test borrowed from certificated case law is announced in *Butler*:

> [S]ufficient cause for discharge exists as a matter of law where the deficiency is unremediable and (1) materially and substantially affects performance, *Hoagland v. Mount Vernon Sch. Dist. 320*, 95 Wn.2d 424, 428, 623 P.2d 1156 (1981), *or* (2) lacks any positive aspect or legitimate professional purpose. *See Clarke* [*v. Shoreline Sch. Dist. 412*, 106 Wn.2d 102, 113-14, 720 P.2d 793 (1986)].

*Butler*, 49 Wn. App. at 715. Both *Hoagland* and *Clarke* recognize in some instances misconduct can be so egregious the sufficient cause determination may be made as a matter of law. *Clarke*, 106 Wn.2d at 113 (citing *Mott v. Endicott Sch. Dist. No. 308*, 105 Wn.2d 199, 203, 713 P.2d 98 (1986)); *Hoagland*, 95 Wn.2d at 428.

In *Mott*, a teacher was discharged after he struck four boys in the testicles as discipline. The Supreme Court reversed the Court of Appeals' determination the conduct was remediable and thus he was entitled to reinstatement. The Supreme Court held the behavior was "so patently unacceptable that the school district was entitled to discharge the teacher for his actions in this case regardless of prior warnings." *Mott*, 105 Wn.2d at 204. In a similar

case, a male teacher was summarily discharged for inappropriate touching of female students. *Potter v. Kalama Pub. Sch. Dist. No. 402*, 31 Wn. App. 838, 644 P.2d 1229 (1982). Division Two held remedial measures are only required when the teacher's deficiencies are in classroom performance and teaching skills and an "obvious distinction [exists] between conduct which is involved with the professional qualities of teaching" and the teacher's inappropriate conduct with students. *Potter*, 31 Wn. App. at 842. *See also Pryse v. Yakima Sch. Dist. No. 7*, 30 Wn. App. 16, 25, 632 P.2d 60 (a teacher's sexually exploitative remarks to students was considered sufficiently serious to warrant immediate discharge), *review denied*, 96 Wn.2d 1011 (1981).

Although *Butler* can be distinguished from *Mott*, *Potter* and *Pryse* based upon the kind of conduct, the test announced in *Butler* does not abrogate the general rule announced in *Mott*: some conduct is so patently unacceptable a district is entitled to discharge regardless of prior warnings.

■ In this case, instruction number 12 stated just cause exists where the conduct is unremediable and materially and substantially affects the employee's performance, or where the conduct was so "clearly unacceptable" it entitled the District to discharge Mr. Wolf without prior warning. This instruction is a sufficiently accurate statement of the law. Even if the omitted *Butler* language had been included, the jury likely would have found Mr. Wolf's test-firing of the BB gun lacked a positive aspect or legitimate professional purpose. Moreover, the instruction accurately paraphrases the law terming egregious conduct "clearly unacceptable" and properly instructs such conduct provides a proper basis for discharge. Mr. Wolf's contention that if behavior is remediable, the employee may not be discharged is inaccurate. Egregious behavior will provide a just cause basis for discharge. *Mott*, 105 Wn.2d at 203.

*Did the trial court err in excluding evidence relating to*

*the District's treatment of other employees who engaged in conduct similar to Mr. Wolf's prior to the adoption of the Policy?*

Mr. Wolf further contends the court erred in excluding evidence of the District's treatment of other employees who fired guns or bows and arrows. The trial court excluded this evidence because it occurred prior to the adoption of the Policy. Mr. Wolf alleges his conduct did not violate the Policy because the Policy language does not specifically include air rifles or BB guns. Also he argues, the Policy applies only to students. Mr. Wolf reasons that if his conduct did not violate the letter of the District's Policy, then evaluation of his conduct must be compared with the standard conduct established for all employees to determine if the conduct was clearly so unacceptable that it entitled the District to discharge him without warning. Similarly, Mr. Wolf finds error in the trial court's refusal to give his proposed jury instruction number 6, which instructed the jury as a matter of law that he did not violate the provisions of the Policy.

The Policy states:

> It is a violation of district policy and state law for *any person* to carry a firearm or dangerous weapon, as defined below, on school premises . . . .
>
> . . . .
>
> According to RCW 9.41.270, it shall be unlawful and a violation of district policy for *anyone* to carry, exhibit, display or draw any firearm . . . or any other weapon apparently capable of producing bodily harm, in a manner, under circumstances and at a time and place that either manifests an intent to intimidate another or that *warrants alarm for the safety of other persons.*

(Emphasis added.) The Policy also cross-references "Board Policy #3300 Corrective Actions or Punishment" and "Board Policy #5259 Possession of Dangerous Weapons." The plain language of the Policy is sufficiently broad to encompass the conduct for which Mr. Wolf was discharged.

Moreover, the Policy language prohibits possession of the general class of "firearms" which reasonably includes air rifles. Mr. Wolf's shooting of the firearm at a thin, metal wall with people standing outside can reasonably be deemed behavior that warrants alarm for the safety of other persons. Moreover, the Policy cross-references an apparent disciplinary section implying punishment. Even if Mr. Wolf never saw the Policy, a reasonable employee would recognize a violation of an employer's express policy would likely lead to discipline. In light of this analysis, the court properly refused to give Mr. Wolf's proposed instruction number 6.

■■■ The trial court did not abuse its discretion in excluding the evidence of conduct occurring prior to the adoption of the Policy. The admissibility of relevant evidence is a determination for the trial court's discretion, as it is in the best position to determine which evidence is relevant to the stated causes. *George v. Parke-Davis*, 107 Wn.2d 584, 593, 733 P.2d 507 (1987). After the Policy was passed, a "new" standard of conduct was in effect. As such, previous conduct and its treatment are irrelevant. Moreover, Mr. Wolf was allowed to pursue his theory of the case by introducing facts indicating the District's administrators were aware of the deer target and did nothing about it. The evidence of the prior conduct was properly excluded.

*Did the court err in refusing to give Mr. Wolf's proposed supplemental instruction regarding notice given to Mr. Wolf of adoption of the Policy?*

■■■ Mr. Wolf contends the court erred by rejecting the following proposed supplemental jury instruction:

> You are instructed that in determining whether or not the school district has proved justifiable cause for discharging Plaintiff Galen Wolf from his position with the district, you should consider whether or not Plaintiff was provided with a copy of the school district's policy 4315 [Plaintiffs' Exhibit 2] before the events in May, 1994, which led to his discharge. If you find that he was not provided with a copy of the policy, you should find that justifiable cause has not been proved.

However, Mr. Wolf's proposed supplemental instruction is not an accurate statement of the law and was properly rejected. The instruction would introduce a new standard by adding where an employee is not provided with an actual physical copy of district policy, justifiable cause is not proven. Such a standard is an overstatement. Instruction number 12 allowed the jury to consider the sufficiency of prior warnings by stating the jury could find Mr. Wolf's conduct was so clearly unacceptable that it entitled the District to discharge him "without regard to prior warning."

Finally, Mr. Wolf argues the supplemental jury instruction is supported by our holding in *Butler*. This is based upon the language in *Butler* noting the discharged employee was allowed to pursue his theory of the case by asking questions regarding notice and uniformity of enforcement. *Butler* does not hold an employee cannot be disciplined unless he or she has received a copy of the policy upon which the discipline is based. Regardless, in this case evidence was introduced that Mr. Wolf was aware the school had a no-weapons policy. He, himself, hung many of the no-weapons zone signs. He also was allowed to testify that he had not received an actual copy of the Policy, or if it was contained in a newsletter, he was unable to recall reading the Policy. The court did not abuse its discretion in declining to give Mr. Wolf's proposed supplemental instruction.

We affirm.

BROWN, J., and MUNSON, J. Pro Tem., concur.